# Wharton *v.* The State.

## *Indictment for Murder.*

1. *Burden of proof in criminal cases; when not shifted to defendant.* The State must, in every criminal case, show, in the first instance, beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis, every fact or circumstance necessary to establish the defendant's guilt; and until this proof is made, especially in cases depending entirely upon circumstantial evidence, the burden is not shifted upon the defendant to establish his innocence by introducing exculpatory or explanatory evidence; and it is error for the primary court to refuse a charge, requested by the defendant, embodying these principles.

2. *Homicide; malice; when charge requested by defendant properly refused.*—Where, on the trial of a defendant indicted for the murder of his wife, the evidence connecting him with the crime being entirely circumstantial, and showing, among other things, that eighteen months before the killing, there had been a separation between the defendant and his

[Wharton v. The State.]

wife, and he had declared that "he did not like her," and "would not live with her," it was shown on behalf of the defendant that, a short time before the killing, he and his wife resumed their marital relations, and were living together at the time of the killing,—*held*, that a charge requested by the defendant, asserting that if the jury believed from the evidence that, after such separation and declarations, they "became reconciled and were living together, then the law presumes there was no malice or ill-will between them at the time of killing, from the fact of such separation and such statement by defendant, and the State can not rely on this fact and statement to show a motive for defendant to kill his wife, if he did kill her," was properly refused. .

3.    *Same; when charge on sufficiency of circumstantial evidence, requested by defendant, properly refused.*—It was further held, in such case, that a charge, requested by the defendant, was properly refused, which embodied an instruction to the jury that "although the circumstances in this case may be strong enough to prove, beyond all reasonable doubt, every link save one in the chain of circumstances necessary to show the guilt of the defendant, yet, if the jury have any reasonable doubt about the truth of this one link or circumstance," they must give the defendant the benefit of it, and acquit him.


APPEAL from Etowah Circuit Court.

Tried before Hon. LE ROY F. BOX.

The prisoner, Tom Wharton, was indicted and tried for the murder of Mary Wharton, who was his wife, and was convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for life. For the purposes of this report, the opinion sufficiently states the case made by the evidence.

The only exceptions reserved by the defendant were to three charges requested by him in writing and refused by the court. These charges are as follows: 1. "The burden is upon the State, and it is the duty of the State to show, beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty, before the defendant is required to introduce any evidence in his favor, or to explain any circumstance surrounding him, and insisted upon as showing his guilt." 2. "Although the jury may believe from the evidence that, before the killing, the defendant and his wife separated, and defendant said he did not like his wife, yet, if the jury believe from the evidence that, before the wife was killed, they had become reconciled, and were living together, then the law presumes there was no malice or ill-will between the parties at the time of the killing, from the fact of such separation and such statement by defendant; and the State can not rely on this fact and statement to show a motive for defendant to kill his wife, if he did kill her." 3. "Although the circumstances in this case may be strong enough to prove, beyond all reasonable doubt, every link save one in the chain of circumstances necessary to show the guilt of the defendant, yet, if the jury have any reasonable doubt about the truth of this one link or

circumstance, then the jury must give the defendant the benefit of this doubt, and acquit him."

The rulings of the circuit court in refusing to give these charges are here assigned as error.

DENSON & DISQUE, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The prisoner is indicted for the murder of his wife, by striking her with an axe. The evidence upon which the conviction was had was entirely circumstantial.

In every criminal case, there can be no doubt of the proposition, that it is the duty of the State, in the first instance, to show beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis, every fact or circumstance which is necessary in order to establish the guilt of the defendant. *Childs v. The State*, 58 Ala. 349; *Coleman v. The State*, 59 Ala. 52; *Mose v. The State*, 36 Ala. 211; *Murphy's case*, 6 Ala. 845; Whart. Cr. Ev. § 1.

And until this proof is made, especially in cases depending entirely upon evidence of a circumstantial nature, it is clear that the burden is not shifted upon the defendant to establish his innocence, either by introducing exculpatory evidence in his own behalf, explanatory of the criminative evidence of the prosecution, or by setting up any other defense incompatible with the theory of his guilt. The State, in other words, must make out its own case, before the defendant can properly be called on to answer with his defense.

The *first* charge requested by the defendant, and refused by the court below, was but an embodiment of the above principles, and should have been given.

The *second* charge was properly refused by the court. The evidence showed that, about eighteen months before the killing, there had been a separation between the defendant and his wife, and he had declared, among other things, that "*he did not like her*," and "*would not live with her*"—expressions from which the jury were authorized to infer *express malice* on his part towards her. They resumed their marital relations a short time before the killing, and were living together at that time. There is no proof of the extent, or *bona fides* of the alleged reconciliation. These facts, it is true, were relevant as tending to prove a friendly pacification, entirely oblivious of past vindictiveness. But the jury were not compelled to believe that such was the case. The law did not forbid them to conclude that the embers of an ill-will may have still smouldered beneath the ashes of a pretended reconciliation, thus firing the

heart of the defendant in the execution of the crime with which he is charged.—*Rex v. Goodere*, 17 State Trials, 1020; *The People v. Kesler*, 3 Wheeler's Crim. Cases, 18, 65.

The third charge is infected with the same vice as a similar one which was condemned as misleading, and liable to embarrass the jury, in the case of *Tompkins v. The State*, 32 Ala. 569. It was also properly refused.—Burrill on Cir. Ev. pp. 122, 179, 602.

The judgment of the circuit court is reversed, and the cause remanded for a new trial, because of the refusal of the court to give the first charge requested by the defendant.