(102 So. 784)

### HOGLAND v. STATE. (6 Div. 471.)

(Court of Appeals of Alabama. Jan. 20, 1925.)

**1. Property ⊜⇒7—Owner of personal property presumed in constructive possession.**

Legal title to personal property carries with it constructive possession, and owner of legal title will be presumed to be in constructive possession unless actual possession is shown to be in another.

**2. Intoxicating liquors ⊜⇒224—Burden not on accused to negative possession of still.**

In prosecution for possession of a still, when evidence convinced jury beyond a reasonable doubt that defendant was owner thereof, he was required only to introduce evidence sufficient to create in their minds a reasonable doubt of his guilt, and burden was not on him to show that he was not in possession of still.

**3. Criminal law ⊜⇒335—Accused not required to establish innocence.**

Burden of proof is not on accused to establish his innocence or disprove facts necessary to establish crime with which he is charged.

**4. Criminal law ⊜⇒561(1)—Acquittal required if evidence raises reasonable doubt.**

In all criminal cases, if evidence raises in mind of jury a reasonable doubt of defendant's guilt he should be acquitted.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Edgar Hogland was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

A. A. Griffith, of Cullman, and P. A. Nash, of Oneonta, for appellant.

The oral charge of the court was erroneous. Clemons v. State, 167 Ala. 32, 52 So. 467; Wharton v. State, 73 Ala. 366; Whitten v. State, 115 Ala. 72, 22 So. 483; Martin v. State, 119 Ala. 1, 25 So. 255; Williams v. State, 13 Ala. App. 136, 69 So. 376.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The oral charge of the court is without error. Ex parte State, 210 Ala. 55, 97 So. 426.

PER CURIAM. The appellant was convicted of the possession of a still to be used for manufacturing prohibited liquors. The evidence was sufficient, if believed by the jury beyond a reasonable doubt, to justify the verdict of guilty.

Exception was reserved to the following excerpt from the oral charge of the court:

"If you reach the point in your investigation where you become satisfied beyond a reasonable doubt that the still belonged to him, then ownership of personal property carries with it possession, and if it was his, and you conclude it was from this testimony, then it was up to him to show it was not in his possession."

The trial court refused to the defendant the following charge requested in writing:

"The court charges the jury that the burden is not cast on the defendant to show by the evidence that he was not in possession of the still."

[1-4] The legal title to personal property carries with it the constructive possession, and the owner of the legal title will be presumed to be in constructive possession unless actual possession is shown to be in another. But the court, in the above oral instruction to which exception was reserved, placed upon the defendant a burden he was not required by law to meet. When the evidence convinced the jury beyond a reasonable doubt that the defendant was the owner of the still, all that he was required to do was to introduce evidence sufficient to create in the mind of the jury a reasonable doubt of his guilt, and the burden was not upon the defendant to show that he was not in the possession of the still. The burden of proof is not upon the accused to establish his innocence or disprove the facts necessary to establish the crime with which he is charged. In all criminal cases, if the evidence raises in the mind of the jury a reasonable doubt of his guilt he should be acquitted.

"The burden of proof is always upon the state, and is never shifted upon the defendant, except as to special defenses provided by statute, such as insanity, former conviction, etc." Wharton v. State, 73 Ala. 366; Whitten v. State, 115 Ala. 72, 22 So. 483; Martin v. State, 119 Ala. 1, 25 So. 255; Clemons v. State, 167 Ala. 20, 52 So. 467.

The court fell into error in giving the above oral instruction and in refusing to the defendant the charge in writing covering the same proposition of law.

It will serve no useful purpose to discuss other questions presented by the record, as the same will probably not arise on another trial.

For the errors indicated the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by FOSTER, J., before his retirement from the Court of Appeals, and has been adopted by the court.