## NEELY v. STATE. (8 Div. 216.)

(Court of Appeals of Alabama.    March 24, 1925.)

1. Intoxicating liquors ⊕236(19)—Evidence held ample to support verdict of guilty in prosecution for distilling or manufacturing.

Evidence *held* ample to take case to jury and to support verdict of guilty in prosecution for unlawfully distilling or manufacturing alcoholic liquors.

2. Intoxicating liquors ⊕233(1)—Evidence of finding of shotgun at still held properly allowed.

In prosecution for distilling or manufacturing alcoholic liquors, evidence as to finding of shotgun at still *held* properly allowed.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Jesse Neely was convicted of distilling, and he appeals. Affirmed.

J. G. Rankin, of Athens, for appellant.

Circumstances which do not connect the defendant with the commission of the crime charged should be excluded. Ballentine v. State, 19 Ala. App. 261, 96 So. 733. The mere fact that defendant was present at the still in operation is not sufficient upon which to base a conviction. Medders v. State, 19 Ala. App. 628, 99 So. 776; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Knight v. State, 19 Ala. App. 296, 97 So. 163.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence is ample to sustain a conviction. Glaze v. State, ante, p. 7, 100 So. 629. There was no error in admitting evidence that a gun was found at the still. Masters v. State, 18 Ala. App. 614, 94 So. 249.

RICE, J. The defendant was convicted of the offense of distilling or manufacturing alcoholic liquors contrary to law, and he appeals. The defendant introduced no evidence in his own behalf.

[1] The testimony offered by the state showed that a complete still was found in operation; that the defendant and two others were there; that there were six barrels of beer at the still; that there was beer in the still; that the beer was such as was used at a great many stills for making liquor; that the defendant was doing something about the cap of the still; that the defendant ran when the officers approached; that the beer was fermented, and contained alcohol; that defendant was working and moving around about the still; that he was moving around from the furnace end of the still to the cap; that the still was boiling, but there was no whisky running out; that a gun loaded with B. B. shot was lying about six or eight feet from the still; that an overcoat which the defendant said was his, and which he got after his arrest was lying about six or eight feet from the still; that there was a small amount of whisky there (at the still).

Upon this evidence, the defendant requested in writing the trial court to give the gen-

eral affirmative charge in his behalf. Counsel for appellant has cited a number of decisions of this court in support of his contention that there was error to reverse the case in the court's refusal to give at defendant's request the general affirmative charge in his favor.

It would serve no useful purpose to discuss these decisions separately, but suffice it to say that each of them is easily and obviously distinguishable on the facts from the instant case.

Under the authority of the decision in the case of Glaze v. State (Ala. App.) 100 So. 629,[1] and the references therein given, we hold that there was ample evidence in this case to be submitted to the jury, and to support the verdict returned.

[2] The trial court properly allowed the evidence as to the finding of the shotgun at the still. Masters v. State, 18 Ala. App. 614, 94 S. 249.

No prejudicial error being apparent on the record, the case will be affirmed.

Affirmed.

