(113 So. 467)

### FETNER v. STATE.   (7 Div. 334.)

Court of Appeals of Alabama.   June 21, 1927.

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ■ The defendant and three others were prosecuted for manufacturing whisky. From the state's evidence these parties were found at a still armed with guns and a pistol and engaged in the manufacture of whisky. It is now insisted that the court erred to a reversal in permitting the state to prove that while engaged in the illicit distilling, defendant was armed with a gun and a pistol. This was a part of the res gestæ and was admissible. Neely v. State, 20 Ala. App. 538, 103 So. 386.

■ The state was allowed to prove by one of its witnesses, who was a law enforcement officer, that he was not allowed to collect any part of a $50 fee allowed in prohibition cases. This was not error. The law provides for a $50 fee in certain cases, to be paid to the party capturing a still. If the fee goes to a witness, it might bias his testimony. If under the facts it appears that a witness under the law might participate in the fee, he should be allowed to testify that none of the fee would go to him.

■ The statements of the solicitor to which objections were made and exceptions reserved are not such statements of fact dehors the record as would authorize or warrant a reversal of the judgment. Even if these remarks are not based upon the evidence in the case, they are not of such a nature as that they would tend to arouse prejudice or to cause a verdict to be rendered otherwise than on the facts in the case. The opinion in the Campbell Case, 19 Ala. App. 349, 97 So. 783, states the law correctly, but each case must be determined by its own facts. It can hardly be seriously contended that two casual remarks of a solicitor, such as are disclosed by this record, would probably injuriously affect the defendant in the trial of his case.

■ Exception was taken to the following excerpt from the court's oral charge:

"The testimony here is applicable to each of these cases, except in one instance there was some evidence as to a statement made by one of the defendants to one of the witnesses, not in the presence or hearing of the other defendant, and that testimony has no application and should not be considered in determining the guilt or innocence of the other defendant."

The specific objection is that—

"The testimony of what one of the defendants did at the still would not be testimony against the other defendant."

The evidence on the part of the state tended to prove a joint offense. That being the case, everything said and done by either of the defendants in the carrying on of the enterprise was admissible in evidence against all parties involved in the conspiracy. Lancaster v. State, 21 Ala. App. 140, 106 So. 609.

■ Refused charges 8 and 10 should have been given as requested. Code 1923, § 9509; Stevens v. State, 6 Ala. App. 6, 60 So. 459; Brown v. State, 118 Ala. 111, 23 So. 81. On account of the court's refusal to give these charges as requested, the judgment is reversed and the cause is remanded.

Reversed and remanded.