(117 So. 154)

## WHALEY v. STATE. (8 Div. 649.)

Court of Appeals of Alabama. April 10, 1928.

Rehearing Denied May 8, 1928.

Almon & Almon, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. The jurisdiction of this court, as to cases in the category to which this case belongs, is appellate only; as a consequence we are restricted in our deliberations to reviewing only such questions or propositions as to which a ruling at nisi prius has been invoked or had. Pending the entire trial of this case, no exception was reserved to any ruling of the court. Several charges were refused to defendant, and a consideration by this court of the points of decision involved in this connection will of necessity be the extent of our duties in reviewing this case.

Refused charges 1 and 2 were affirmative and sought to have the court direct a verdict for the defendant. The court properly declined to do so, and there was no error in refusing said charges. This appellant was convicted of grand larceny, the specific charge being that he feloniously took and carried away a cow, the personal property of Ollie Lang. The evidence, without dispute, disclosed that the cow in question was stolen by some one from the lot of Ollie Lang on the night of April 4, 1927. The injured party described the cow as being a deep red cow, with long horns, and a long bushy tail, and the evidence showed that her value was $40 or $50. After eleven days' constant search the cow was found in the possession of this de-

fendant and apparently hidden out in the woods or swamp, tied with a rope, about one-fourth of a mile from his home. When found the cow had been dehorned, her right ear split, and her tail sheared and singed. The attending facts and circumstances were highly incriminating, and all this, together with the explanation of his possession of the stolen cow, presented questions for the jury to determine.

■ Charge 27 assumed that the evidence in this case merely raised a surmise or suspicion as to defendant's guilt. It was properly refused for that reason, as it was for the jury to say, from the evidence, whether or not the guilt of the accused was sufficiently shown under the required rules of evidence and measure of proof. The court's oral charge covered the proposition of law attempted to be stated in said charge. Charge 28 was abstract and also an argument. What has been said relative to charge 27 applies to this charge.

■■ The court in the oral charge properly stated the law relative to the propositions contained in refused charges 29 and 30. We do not imply that these charges were otherwise proper, but the fact that the law relative to the charges had already been given in charge to the jury the court was under no duty to give the charges. Moreover, charge 30 was properly refused, as the law indulges no presumption on the question of character. Proof of good character is evidential matter to be considered by the jury in connection with all the evidence, but the consideration thereof is free from presumption. The case of Elliott v. State, ante, p. 32, 111 So. 762, is expressly overruled on this point. See Garrison v. State, ante, p. 444, 116 So. 706.

No other questions are presented. Affirmed.