(117 So. 423)

## FANCHER v. STATE.  (7 Div. 779.)

Supreme Court of Alabama.  June 14, 1928.

1. Homicide ⚖➝192—Issue of self-defense in homicide case being presented by evidence, either party may show prior difficulty, going to aggression.

Where evidence in homicide case presents issue of self-defense, defendant as well as the state may prove the fact of a prior difficulty; it going to the inquiry as to who was the aggressor.

2. Homicide ⚖➝189—In absence of prior evidence of self-defense, excluding evidence of prior difficulty, was not error.

There was no error in refusing to allow defendant in homicide to show prior difficulty; no evidence of self-defense having been produced at the time.

3. Homicide ⚖➝189—Defendant in homicide may not show details of prior difficulty with deceased.

Details of prior difficulty between deceased and defendant in homicide may not be shown.

4. Witnesses ⚖➝329—Refusal to allow witness' judgment of time to be tested on cross-examination by watch held proper.

Where state's witness had testified to presence of a person near the scene of the shooting about two minutes before it occurred, and on cross-examination he was examined at length to test his accuracy as to time, refusal to allow him to be further tested by a watch to determine his judgment as to when one or two minutes had elapsed was proper as within the court's discretion.

5. Homicide ⚖➝169(2)—In connection with evidence that S. handed to defendant pistol with which he shot, evidence that S. had one some hours before held admissible.

In connection with evidence tending to show that S. participated in the killing, was in company of defendant and deceased during the day, and handed to defendant the pistol with which he shot deceased, evidence that S. was seen with a pistol some hours before the killing was admissible.

6. Criminal law ⚖➝363—Evidence of finding of whisky bottle hour after shooting held admissible as res gestæ.

There being evidence that immediately after the shooting defendant and S., shown to have participated with defendant in the killing, fled, and that S. was seen to drop or throw down something as he ran, evidence that a bottle of whisky was found at that point an hour or two later was admissible as part of the res gestæ.

7. Criminal law ⚖➝673(3)—Court properly restricted to purpose of impeachment portions of witness' testimony on preliminary trial.

Portions of witness' testimony, given on preliminary trial and offered by defendant on the trial, were admissble only for purpose of impeachment of witness, and were properly restricted thereto by the court.

8. Homicide ⚖➝192—Evidence that shortly before the killing, when all parties were drunk, deceased had the whisky, held immaterial on question of aggression.

Evidence that 15 or 20 minutes before the killing, when, as previously shown, deceased, defendant, and another were together all drunk, deceased had the whisky, shed no material light on who was the aggressor, so that its rejection was not error.

9. Criminal law ⚖➝785(12)—Requested charge as to discarding evidence of witness making contradictory statements held argumentative and misleading.

Requested charge, suggesting as basis for finding witness unworthy of belief and for discarding his evidence altogether the fact that he has testified to contradictory statements, held argumentative and misleading.

10. Witnesses ⚖➝317(2)—Willful false testimony on material matter is necessary to reject witness' testimony entirely.

Witness' testimony must be willfully false on a material matter to justify rejection of his evidence entirely on that ground.

11. Criminal law ⚖➝822(1)—Charge on subject must be considered as a whole.

The charge on a subject must be taken as a whole, and not by isolated statements.

12. Homicide ⚖➝276—Whether shooting by defendant was as aggressor or in self-defense held for jury.

Whether the shooting of deceased by defendant was as aggressor or in self-defense held question for jury under all the circumstances in evidence.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Walter B. Fancher was convicted of murder in the second degree, and he appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant.

Counsel argues for error in rulings assigned and treated, but without citing authorities.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Refused charge 22 is argumentative and misleading; it would authorize the discarding of a witness' testimony without regard to

whether he willfully made contradictory statements, and ignores the materiality of the matters about which such statements were made. Hamilton v, State, 148 Ala. 110, 41 So. 940; Prater v. State, 107 Ala. 26, 18 So. 238; Carpenter v. State, 193 Ala. 51, 69 So. 531. The oral charge must be considered as a whole. Crisp v. State, 215 Ala. 2, 109 So. 287. The court did not err in refusing to allow witness Day's estimate of time to be tested by a watch held on him. Windham v. Hydrick, 197 Ala. 125, 72 So, 403; Wright v. State, 15 Ala. App. 91, 72 So. 564; Birmingham R. L. & P. Co. v. Friedman, 16 Ala. App. 221, 77 So. 59. Testimony tending to show that defendant's companion dropped something in his flight, and that thereafter a bottle of whisky was found at the place, was admissible as of the res gestæ. Lancester v. State, 214 Ala. 2, 106 So. 617. Evidence of the details of a prior difficulty was properly excluded. Gordon v. State, 140 Ala. 29, 36 So. 1009; Fleming v. State, 150 Ala. 19, 43 So. 219.

BOULDIN, J. [1] In homicide cases, where the evidence presents an issue of self-defense, the defendant as well as the state may prove the fact of a prior difficulty. It goes to the inquiry as to who was the aggressor. Stewart v. State, 78 Ala. 436; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17.

[2, 3] Until some evidence of self-defense is produced, the court is not in error in refusing such evidence at the instance of the defendant. At the time the defendant was asked about the meeting between himself and deceased at a poker game in the woods on the forenoon of the day of the killing, no evidence of self-defense had been produced. The question, "State what was said and done at that time," called for the details of the alleged difficulty, and was properly disallowed for that reason. Gordon v. State, 140 Ala. 29, 36 So. 1009; Fleming v. State, 150 Ala. 19, 43 So. 219.

[4] E. L. Day testified that he was an eyewitness to the killing. A sharp issue was presented as to his whereabouts at the time H. M. Mathoney, witness for the state, testified to Day's presence near the scene of the shooting "about two minutes" before it occurred.

On cross-examination, the witness was examined at length with a view to test his accuracy as to time. Defendant drew out that it was not over two minutes; that witness had no watch and was hard to fool as to time; that he had taken occasion to time himself in his work; etc. Defendant then asked that the witness be timed by a watch in the hands of counsel or a juror to test his judgment as to when one or two minutes had elapsed.

In general, the cross-examination of a witness upon collateral matters to test his memory and the like is within the discretion of the court. It should not be carried to the point of diverting the minds of the jury from the main issues by experiments of this kind. The court properly declined the request. Cox v. State, 162 Ala. 66, 50 So. 398.

[5, 6] The state's evidence tended to show that one Sims participated with defendant in the killing, was in company with defendant and deceased during the day, and handed to defendant the pistol with which he shot deceased. In this connection evidence that Sims was seen with a pistol some hours before was admissible. Evidence tended to show defendant and Sims both fled from the scene of the shooting immediately, and that Sims was seen to drop or throw down something as he ran. Evidence that a bottle of whisky was found at that point an hour or two later was competent. This was part of the res gestæ.

[7] Portions of the evidence of witness Day on the preliminary trial, offered by the defendant, were admissible only for the purpose of impeachment of the witness. They were not original evidence of the facts deposed to, and the court did not err in restricting the evidence to purposes of impeachment.

[8] Defendant's witness Whatley testified that defendant, deceased, and Sims were all under the influence of liquor some fifteen or twenty minutes before the killing. Defendant then offered to prove that deceased had the whisky at that time. We see no special reason why the court should have refused this evidence. But there was no effort to show that the defendant designedly got the deceased under the influence of liquor. It is not apparent how the fact that deceased had the liquor sheds any material light on who was the aggressor in the killing. That they were all under the influence of liquor seems to have been conceded or proven by both sides. Evidence that defendant and Sims were in such condition one and a half or two hours later when arrested at their boarding house was admitted without error.

[9] Defendant's refused charge 22 reads:

"If any of the state's witnesses have exhibited malice against defendant, or anger, or have testified to contradictory statements, and thereby satisfied the jury that they have not testified truthfully, and are not worthy of belief, and the jury think their testimony on these accounts should be discarded, they may discard it altogether."

It is argumentative and misleading. That a witness has testified to contradictory statements, therefore untruthfully, is suggested as a basis for finding the witness unworthy of belief, and for discarding his evidence altogether.

[10] The well-known rule is that the witness' testimony must be willfully false upon

a material matter to justify the rejection of his evidence entirely upon that ground alone. Prater v. State. 107 Ala. 26, 18 So. 238; Hamilton v. State, 147 Ala. 110, 41 So. 940; Carpenter .v. State, 193 Ala. 51, 69 So. 531. This statement of the law was covered by the oral charge.

[11] The oral charge of the court on the subject of retreat was free from error. It must be taken as a whole and not by isolated statements. If any expression in it had a misleading tendency as to the right to act · upon reasonable appearances, both as regards the imminence of peril and means of escape, it was fully covered by given charges 6, 7, 17, and 24.

[12] Without question, the defendant killed deceased by shooting him with a pistol. Two shots passed through the body from back to front. One of them, after passing through the chest, passed through the outer portion of the thigh, thus indicating he was in a leaning or sitting position. Whether this shot was fired while deceased was sitting on the running board of the car, or rising therefrom, or at the store steps some feet away and while making an attack on defendant as claimed by him, was for the solution of the jury under all the circumstances in evidence.

We find no good and lawful reason for a reversal of the cause. ·

Affirmed.

ANDERSON, C. J., · and SAYRE and GARDNER, JJ., concur.