181 So. 266

FOWLER v. STATE.

4 Div. 4.

Supreme Court of Alabama.

May 12, 1938.

E. C. Boswell, of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

FOSTER, Justice.

Appellant was convicted of murder in the second degree, and his punishment fixed at twenty-five years in the penitentiary.

Deceased was shot and had a bullet wound extending entirely through his body, which was described by witnesses. While a witness was describing the wounds he identified a shirt worn by deceased, and was asked to point out the wounds (holes) on the shirt. Defendant objected because there was no dispute about them, and no necessity to point out the holes. This objection was overruled without error. Hyche v. State, 22 Ala.App. 176, 113 So. 644; Id., 217 Ala. 114, 114 So. 906; Rollings v. State, 160 Ala. 82, 49 So. 329.

The court also permitted the State to prove, over the objection and exception of defendant, that Williams, who was also indicted for this killing, came to defendant's store just over the line in Florida, and told defendant that Mr. Carter (deceased) was running away and was owing him, and he wanted defendant to go with him and help to collect it. Defendant got his gun "right there handy," put it in his pocket and went right on with Williams. That was about 3:30 in the afternoon when Carter was shot to death by defendant about 7 o'clock the same afternoon.

It is not necessary for all the acts of defendant to be a part of the res gestæ of the offense to be admissible. But when it illustrates his conduct occurring soon afterwards, or shows his animus and intent or mental attitude, or preparation for a deadly encounter, which under the circumstances may be interpreted to be with reference to deceased, it is admissible. McCoy v. State, 232 Ala. 104, 166 So. 769, and cases there cited.

The evidence shows that defendant and Williams went on to Geneva, and stopped where Carter had recently left his truck, inquired for him and went on apparently in search of him.

It was also proven over the objection and exception of defendant that

about an hour later in the town of Geneva defendant walked into Watson's store and said, "I am looking for a man that owes me with blood in my eyes," and picked up a vinegar jar, and said it would make a good black-jack and was told it was too big, and he said, "Not for the fellow I want to hit."

This testimony is all governed by the principle we have just stated and sustained by the cases last above referred to. There was no error in the ruling.

The evidence tended to show that defendant shot Carter about 7 o'clock that afternoon near Geneva at the home of Mrs. Mary Hornsby. This proof was made by several eyewitnesses.

■ The sheriff testified that he went to the Hornsby home after Carter was shot and found him lying in the room still alive, and he asked witness if he was the sheriff, and, on being so assured, he said, "I want to tell you how this happened. I am going to die in a few minutes. I can't live like this," and then over the objection and exception of defendant detailed the occurrence in which he was shot.

Appellant insists that it does not thus appear that he was conscious that death was impending and that he had no hope of life. He died in about twenty minutes after making the statement. Many cases are cited by appellant, among them, Justice v. State, 99 Ala. 180, 13 So. 658; Titus v. State, 117 Ala. 16, 23 So. 77; Evans v. State, 209 Ala. 563, 96 So. 923. In the case last cited, the predicate was very much as here shown, and it was held sufficient. It was materially different from that discussed in the other cases. See the following cases which support the ruling: Marshall v. State, 219 Ala. 83, 121 So. 72, 63 A.L.R. 560; Satterfield v. State, 212 Ala. 349, 102 So. 691; Davidson v. State, 211 Ala. 471, 100 So. 641; Husch v. State, 211 Ala. 274, 100 So. 321. Upon the authority of the principle declared in those cases, we think there was no error in this respect.

■ The trial court concluded that it committed error in declining to permit defendant to prove the character of deceased as affecting his credibility, after his dying declaration had been proven (see Carter v. State, 191 Ala. 3, 67 So. 981), and later gave defendant opportunity to make such proof which was done as fully as defendant sought. We cannot say that this error was not fully cured.

■ Refused charge 4 was covered by given charge A–7. No. 5, as does also No. 4, pretermits the duty to retreat, and the question of fault in provoking the difficulty. In the case of Cheney v. State, 172 Ala. 368, 55 So. 801, and others, relied on by appellant, defendant was at his place of business (or home) with no duty to retreat, and it was shown that there was no evidence that he was at fault in provoking the difficulty. In this case, defendant was not at his home or place of business, nor at that of Williams, and the jury could find that defendant and Williams were so at fault.

■ Refused charge No. 12 was embraced in the general charge. Likewise charge No. A–5. Charge A–5 has been repeatedly held to be an invasion of the province of the jury and misleading, overruling the cases relied on by appellant. Ex parte Davis, 184 Ala. 26, 63 So. 1010; Thomas v. State, 215 Ala. 497, 111 So. 212; Burkett v. State, 215 Ala. 453, 111 So. 34.

After the verdict and judgment defendant made a motion for a new trial on various grounds. That relied on relates to the name of a juror. There was drawn for service on the regular jury the name of J. Emery Joiner, farmer of beat 8. His name as drawn was on the list served on defendant. He qualified on the regular panel and answered to the name when called, and was selected as a juror to try defendant and served on the panel. But the man who was summoned and appeared, answered, and served on the jury was named J. Earnie Joiner, and not J. Emery Joiner.

The evidence was sufficient to show that there was no man in the county by the name of J. Emery Joiner. J. Earnie Joiner was a farmer and preacher, and resided in beat 8, and was served with a summons directed to J. Emery Joiner; he and the deputy serving him supposed he was intended, as there was no such person as J. Emery Joiner, as their discussion shows; though there were several other Joiners in beat 6, with various given names, none resembling J. Emery, but there was no other Joiner in beat 8, except J. Earnie, who was served and answered to the name of J. Emery.

If some person's name is drawn and there is such a person, but another is summoned and appears and serves instead of the one so drawn, and defendant is without fault in that connection, we have held that a new trial should be granted. Taylor v. State, 222 Ala. 140, 131 So. 236. See Irwin v. State, 220 Ala. 160, 124 So. 410.

But when the name drawn is the true name, an error in copying it on the list served on defendant does not justify a refusal to allow him to serve. Edgar v. State, 183 Ala. 36, 62 So. 800; Zininam v. State, 186 Ala. 9, 65 So. 56.

It was said in Evans v. State, 209 Ala. 563, 566, 96 So. 923, that the Legislature showed a desire to avoid reversals on account of errors in the name of veniremen or their duplication if there was no error in the order of the court, and defendant was tried by what constituted a lawful venire. The rigid rule of the older cases was shown to be relaxed by legislative intent. See Code, §§ 8636, 8637, 8648. Upon the basis of such liberality, the rule now is that a mistake in name on a jury list does not disqualify the juror where the person intended is summoned and called. Beaird v. State, 215 Ala. 27, 109 So. 161; Milligan v. State, 208 Ala. 223, 94 So. 169.

The question here presented is one of fact to be ascertained from all the circumstances. It must be found that the juror who was summoned, answered and served was the person so intended, though there might have been an error in naming him. Since there was no J. Emery Joiner in the county, especially in beat 8, nor any other person who more nearly fulfills the description of the one intended as set out in the jury roll and on the slip than he who was summoned, and since he did fulfill that description in every respect except that of his middle name, we cannot say that the court was in error in finding on the motion that he is the person so intended.

We think for the reason stated that there was no error in overruling the motion on that ground, nor in any respect as shown by the entire record.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.