42 So.2d 596

### MORRIS v. STATE.

6 Div. 702.

Court of Appeals of Alabama.
May 24, 1949.

Rehearing Denied June 21, 1949.

Gibson & Hewitt, of Birmingham, for appellant.

**514**

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been found guilty by a jury of manslaughter in the first degree under an indictment charging murder in the first degree.

The deceased died as a result of knife wounds inflicted by the appellant. The difficulty took place in the back yard of deceased's home.

No useful purpose would be served by detailing the evidence. It merely pictures a run of the mill killing with a background of alcohol and appellant's claim that some sixty or more dollars were taken from him by deceased during a short visit in her home.

The tendency of the evidence presented by the State was ample to support the verdict rendered by the jury, which apparently saw fit to reject appellant's evidence tending to establish self defense. Under the conflicting evidence no reason appears questioning the jury's finding in the premises.

The ruling of the court was invoked relatively few times in the trial below. In our opinion no error of which the appellant can complain arose out of any of these rulings.

It appears from the evidence that after inflicting the knife wound or wounds on the deceased the appellant walked away from the scene.

Officer Cary Walters, a witness for the State, came upon appellant about two blocks away from the place of the difficulty and called to him to stop. The appellant at the time had a knife in his right hand "with the blade sticking out." Appellant advanced toward Walters. At this time Officer Robbins of the Birmingham Police Department arrived in a police car. Robbins called to appellant and he dropped the knife and walked to Robbins car.

Officer Walters testified that when apprehended appellant was covered with blood on one side, and was staggering. He did not get close enough to appellant to determine whether he was drinking.

On cross examination the following question was propounded to Officer Walters by defense counsel:

"Q. Was it your judgment that he was staggering from weakness from loss of blood?"

The State's objection to the above question was sustained, and exception to such ruling reserved by defense counsel.

No error resulted in the above ruling. Obviously the answer sought to be elicited would have been based on guess-work and surmise, and certainly beyond the ken of a layman to express an opinion as to whether the loss of blood could cause one to stagger, and particularly where the amount of blood lost can be estimated only from the fact that one side of the person bleeding was "covered solid" with blood.

W. J. Haley, a detective for the City of Birmingham, and a witness for the State, testified that he saw appellant in the hospital about forty minutes after his difficulty with deceased. Mr. Haley described the wounds he observed on appellant, and stated that at the time the appellant was semi-conscious, and unable to respond to questions addressed to him.

The court sustained the State's objection to the following question to Mr. Haley propounded to him on cross examination:

"Q. And he had suffered considerably from loss of blood, hadn't he?"

Again it is obvious that it was not in the competency of this witness, who did not see appellant for some forty minutes after the difficulty, to state as a fact (rather than express a judgment even) whether appellant had "suffered considerably from loss of blood." Clearly no error resulted from the court's ruling in this instance.

A large number of written charges were requested by the appellant. Some seventeen of such charges were given, and some twenty-nine were refused.

■ Refused charge 4 attempts to submit to the jury a question of law without explaining what constitutes self defense. Gettings v. State, 32 Ala.App. 644, 29 So. 2d 677.

■ While refused charge 15 was approved by this court in Bone v. State, 8 Ala.App. 59, 62 So. 455, more recent decisions of the Supreme Court have condemned charges of like import because of failure to qualify the belief of necessity to kill must be honestly entertained as well as reasonable. Bragg v. State, 236 Ala. 270, 183 So. 682.

■ No error resulted in the court's refusal to give written requested charges Nos. 12 and 16. Bankhead v. State, 33 Ala. App. 269, 32 So.2d 814.

■■ Charges similar to refused charge 18 and 19 have been condemned in Sanders v. State, 243 Ala. 691, 11 So.2d 740.

■ Refused charge 22 was susbtantially covered by given charge 29, and by the oral charge of the court.

■ Refused charge 25 was misleading under the evidence of this case. The appellant's own testimony showed he had retreated some distance before cutting the deceased. The jury had a right to conclude that retreat was open to appellant. The jury might well have convicted appellant, although they may not have believed everything testified to by witnesses for the State. Woodall v. State, 29 Ala.App. 75, 191 So. 407; Smith v. State, 183 Ala. 10, 62 So. 864.

Refused charge 27 was in our opinion substantially covered by other charges given at the request of the appellant and the oral charge of the court.

■ As to refused charge 28, an identical charge was held good in Fetner v. State, 22 Ala.App. 128, 113 So. 467, and bad in Brown v. State, 22 Ala.App. 290, 115 So. 68, because pretermitting a consideration of the evidence as a basis for a reasonable doubt. The present case not being dependent on circumstantial evidence we think the charge possesses misleading tendencies, and that its refusal in this case was not error. See Wharton v. State, 73 Ala. 366.

■ Refused charge 30 was properly refused under the authority of Robinson v. State, 243 Ala. 684, 11 So.2d 732.

■ Refused charge 39 was properly refused as argumentative and misleading.

516

That a witness has testified to contradictory statements, therefore untruthfully, is suggested as a basis for finding the witness unworthy of belief, and for disregarding his testimony altogether. Fancher v. State, 217 Ala. 700, 117 So. 423.

■ Refused charge 40 states a correct principle of law. Lovelady v. State, 24 Ala. App. 502, 136 So. 871. However we are unwilling to predicate a reversal of this case upon the refusal of this charge, because it appears from the record to be abstract. There is no indication or intimation to be gathered from the record that reasonably tends to show prejudice or anger of the State's witnesses towards the appellant. Moreover, the rules for weighing evidence were amply covered in the court's oral charge and written charges given at appellant's request. Refusal of charge 40 under such circumstances did not, in our opinion, probably injuriously affect appellant's rights.

Refused charges 41 and 43 were adequately covered by the court's oral charge, and other written charges given at the request of the appellant.

■ Requested charge 42 was properly refused as an incorrect statement of the legal principle sought to be enunciated. Garrison v. State, 22 Ala.App. 444, 116 So. 706; Whaley v. State, 22 Ala.App. 464, 117 So. 154; Crews v. State, 22 Ala.App. 564, 117 So. 801.

The remaining refused charges requested by appellant were in our opinion refused without injury to appellant because they were either covered by the court's oral charge or other charges given at appellant's request, or were infected with some or all of the vices of being incorrect statements of the legal principle involved, or were misleading or argumentative.

In our opinion no error probably injuriously affecting appellant's rights is present in this record, and the cause is therefore ordered affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.