74 So.2d 509

**Robert FOWLER**

v.

**STATE.**

**5 Div. 426.**

Court of Appeals of Alabama.

May 12, 1953.

Rehearing Denied June 16, 1953.

Reversed on Mandate Aug. 31, 1954.

Francis W. Speaks and J. B. Atkinson, Clanton, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the court below the accused, Robert Fowler, was convicted of the offense of robbery.

There is no dispute in the evidence that Sam Littleton was robbed. The question of factual concern revolves around the identity of the persons who committed the crime.

According to the State's evidence, Hoyt Mims accompanied the appellant and also participated in the commission of the offense. Both of the indicated parties testified at the trial, and each denied that he was present at the time of the robbery.

The defendant's evidence tended to establish proof of an alibi.

Without doubt a jury question was posed and the defendant was not due the general affirmative charge. Neither are we convinced that we should disturb the action of the trial judge in overruling the motion for a new trial.

There were several rulings of the court during the time the evidence was being introduced. We have given due study and careful consideration to these matters. We

do not find that any of them merit comment. Appellant's counsel in brief does not urge that there was error in any of these rulings.

The motion for a new trial presents two questions which should be discussed.

One ground of the motion poses the position that the jury was not sworn.

The judgment entry recites in pertinent part: "And the said jury being selected as required by law, were empanelled and sworn, as required by law * * *."

In Hines v. State, 238 Ala. 575, 192 So. 423, the Supreme Court held that the judgment entry should set out that the jury was properly sworn.

In some of the early cases it seems that the Supreme Court held that the reference in the judgment entry to the oath of the jury should be rather specific. These authorities have been overruled and explained by subsequent opinions.

■ It is now settled that if the record discloses that the jury was " 'sworn according to law' " this meets the demands of the provisions of Title 30, § 58, Code 1940. Vaughn v. State, 236 Ala. 442, 183 So. 428.

■ The judgment entry in the instant case cannot be impeached by evidence aliunde. Du Bose v. State, 15 Ala.App. 233, 73 So. 121.

The other question relates to a mistake or irregularity in the name of one of the jurors who was selected to try the case. This proposition also was not presented prior to the filing of the motion for a new trial.

At the hearing on the motion affidavits were introduced in an effort to support the contention of the appellant.

The claim of the defendant is that the name of B. V. Miller, who resided in Beat 6 of Chilton County, was the person drawn and should have been called for jury duty, but instead a different man, T. V. Miller, who resided in Beat 2 of the county, was summoned and served.

■ The authorities are committed to the holding that if a person's name is drawn for jury duty but another is summoned and serves instead, and the defendant is without fault, a new trial should be granted. Fowler v. State, 236 Ala. 87, 181 So. 266; Taylor v. State, 222 Ala. 140, 131 So. 236.

■ It is the rule also that a mistake in a name on a jury list is not a ground for disqualification of the juror if the error is in the name only, and if the person summoned was the one intended to be called. Fowler v. State, supra; Beaird v. State, 215 Ala. 27, 109 So. 161.

For aught appearing from the proof in the case at bar the last rule stated just above must govern.

One of appellant's attorneys incorporated the following in his affidavit:

"Affiant further says that upon the calling of said case for trial he was given a list of special Jurors by Mr. J. C. Pattillo, Clerk of the said Circuit Court, after which affiant and his colleague, J. B. Atkinson, proceeded to strike the Jury and said Jury was struck until the names of twelve men remained. The name of one of the Jurors who remained was B. V. Miller, who was listed as a farmer and resided at Beat 6, Chilton County, Alabama. It was the belief and understanding of the affiant that said B. V. Miller served on this jury. This belief remained until Saturday, October 3, 1951, when said affiant along with J. B. Atkinson, attorney, contacted said B. V. Miller for the purpose of acquiring an affidavit from him pertaining to the swearing of said Jurors. They were informed by said B. V. Miller that he did not serve upon said Jury."

B. V. Miller made an affidavit in which he stated that he was a farmer and barber and that he had voted in Beat 6 of Chilton County for the last five years. There was no proof that his name was drawn from the jury box with those to be summoned for the week in which the case at bar was to be tried.

668

T. V. Miller, the person who was summoned and served, also made an affidavit. He declared that he had formerly lived in Beat 6 of Chilton County and that his subpoena contained the name T. V. Miller. He stated also that previous to the trial in question he had served on juries in the courts of Chilton County.

■ A reasonable inference from this proof is that the name of T. V. Miller was duly drawn from the jury box and he was regularly summoned, but the clerk of the court inadvertently miscopied the name on the striking list which was furnished the defendant's attorneys. In other words, there was a mistake in the name and not the person. The evidence in support of the ground in the motion fails to establish a contrary state of facts.

There is some proof which tends to show that counsel for appellant was not entirely free from fault in not discovering the mistake in the name before the jury was selected. We will not labor the opinion with a discussion of this aspect of the proof, nor declare any conclusion as to the matter.

Written charges B and 8, refused to the defendant, were substantially covered by the court's oral charge and given written instructions. Title 7, § 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

■ In criminal cases written instructions should be hypothesized on belief from the evidence. Charges C and D were properly refused because of failure in this respect. Wesson v. State, 251 Ala. 33, 36 So.2d 361.

In the case of Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814, we discussed the propriety of the refusal of an instruction identical to charge 11 in the case at bar.

■ There was no error in refusing charge number 13. Waller v. State, 32 Ala.App. 586, 28 So.2d 815; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804; Kent v.

State, 34 Ala.App. 443, 41 So.2d 194; Morris v. State, 34 Ala.App. 511, 42 So.2d 596; Robinson v. State, 243 Ala. 684, 11 So.2d 732.

Refused charges 15 and 16 are abstract.

■ Charge number 17 bears the endorsement "Refused" but the name of the trial judge is omitted. We are not permitted to review the action of the court in refusing it in this state of the record. Corbitt v. State, 35 Ala.App. 572, 50 So.2d 454.

The judgment below is ordered affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Fowler v. State, 261 Ala. 262, 74 So.2d 512.