243 So.2d 394

Josephus **HOLLOWAY**, alias

v.

**STATE.**

**3 Div. 56.**

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

William P. Haney, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

Assault with intent to murder: sentence, five years.

The court below refused three of the appellant's tendered written charges, viz:

"3. The Court charges the jury that the burden of proof is upon the State, and it is the duty of the State to show from the evidence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the Defendant is guilty, before the Defendant is required to introduce any evidence in his favor or to explain any circumstance surrounding him, and if there is a reasonable doubt of this Defendant's guilt, growing out of the evidence, then you must acquit the Defendant.

"10. The Court charges the jury that the Defendant cannot be found guilty if any juror is not convinced beyond a reasonable doubt and to a moral certainty that the Defendant Josephus Holloway shot the alleged victim of this shooting with the intention of murdering him.

"11. The Court charges the jury that Josephus Holloway must be found not guilty if the State did not prove that he shot the alleged victim of the shooting with the intention of murdering him."

I

As to Charge 3 above, appellant cites the cornucopian opinion, Wilson. v. State, 243 Ala. 1, 8 So.2d 422 (see Charge 11). However, in Leonard v. State, 38 Ala.App. 138, 79 So.2d 803, Charge 9 was held properly to have been refused because the evidence to convict was not wholly circumstantial. See also Odom v. State, 253 Ala. 571, 46 So.2d 1 (Charges 14 and 33).

Charge 3, supra, is virtually the same in text as one held bad in Brown v. State, 22 Ala.App. 290, 115 So. 68; Morris v. State, 34 Ala.App. 511, 42 So.2d 596; and Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761. Yet it was held good in Fetner v. State, 22 Ala.App. 128, 113 So. 467 and Wharton v. State, 73 Ala. 366.

In *Morris,* supra, Harwood, J., said:

" * * * The present case not being dependent on circumstantial evidence we think the charge possesses misleading tendencies, and that its refusal in this case was not error. * * *."

And in *Fiorella,* supra, the failure to use "a consideration of [all] the evidence" as a predicate for the reasonable doubt made the charge bad.

II

As to Charges 10 and 11—aside from the other given charges and the oral charge—we must point out that the indictment included lesser offenses not requiring an intent to kill or to murder. In other

words, here the defendant could have been guilty of, say, assault with a deadly weapon, or assault and battery wihout having to have intended murder.

We have examined the whole record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.