273 So.2d 481

**Clarence WOMACK**

v.

**STATE.**

**3 Div. 148.**

Court of Criminal Appeals of Alabama.

Feb. 13, 1973.

506

Francis P. Ralph, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

JOHNSON, Circuit Judge.

Appellant, an indigent, was convicted of robbery and sentenced to a term of twenty-five years' imprisonment and brings this indigent appeal.

The evidence of the State tends to show that appellant and another came to a service station in Montgomery, Alabama, severely assaulted the attendant; and forcibly took from him his wrist watch, a money changer, a billfold which contained $5 in money, a pistol, and some money of the attendant's employer, Hudson Oil Company. The evidence consisted of the testimony of the attendant, who could not identify his assailants, a statement or confession from the appellant; and following the statement or confession, a recovery of a portion of the allegedly stolen property. The investigating officers were apparently led to suspect the appellant of the crime from interrogation of another suspect.

Appellant argues in his brief that the trial court erred in admitting into evidence the confession or statement, a money changer located after the statement and resulting from the statement, overruling an objection to a question directed to a State's witness assuming that a robbery had been committed, and in refusing to give certain written charges requested by the appellant, which are discussed herein.

The court first considers the trial court's allowing in evidence a statement or confession of the appellant. Upon his arrest, the appellant was given the "Miranda" warning. He was then taken to jail and questioned. Before questioning at the jail by the officers, he was again given a full statement of his rights and also signed a written statement of the same, which appears as an exhibit in the transcript. After interrogation, the appellant then proceeded to make a statement, which was reduced to writing and signed by the appellant in the presence of the interrogating officers, B. J. Cleveland and C. R. Wood, who also signed the confession or statement as witnesses. The whole proceedings, the explanation of rights, the interrogation, and reducing of the statement to writing, consumed approximately two hours.

▮ The trial court properly conducted a hearing outside the presence of the jury

and determined that the appellant's constitutional rights were fully protected and that the statement was admissible. There was no evidence concerning the statement other than that of the officers, and their testimony was clear and convincing that the statement was voluntary and that the appellant's constitutional rights were fully protected. Under all of the circumstances, the trial court properly admitted the statement obtained within approximately two hours after Miranda warnings had been given. Jones v. State, 47 Ala.App. 568, 258 So.2d 910.

▮ Next, the court considers the claim of the appellant that the trial court erred in admitting into evidence the money changer. The officers were led to the money changer by the statement and by the appellant himself, who showed the officers the approximate area where the money changer had been abandoned or thrown away. The money changer was not located in any house or other enclosure or on any property in which the appellant had any remote interest, but was found on a railroad track. There was certainly no improper search or seizure. After the statement was properly admitted, the money changer was admissible to corroborate the truth and reliability of the appellant's statement.

▮ During the questioning of Detective C. R. Wood on the trial of the case, the following occurred:

"Q Did you participate in an investigation of a reported robbery on that night with Officer Cleveland?

"A Yes.

"Q Where was this robbery reported to you?

"MR. HANEY: Objection.

"MR. HERBERT: They had to go there. I was just getting him out there.

"THE COURT: Overruled.

**508**

"Q (By MR. HERBERT) Where was it reported to you as taking place?

"A Hudson Oil Company, a service station on the Mobile Highway."

The appellant contends that the court erred in overruling his objection to the question, "Where was this robbery reported to you?" The question was never answered, but another question was substituted, to which there was no objection. While the question was in improper form, it was not answered; and in view of all of the evidence in the case, any error was harmless beyond a reasonable doubt.

 The appellant contends that the court erred in refusing to give his Charge No. 1 as follows:

1. The court charges the jury that the burden of proof is upon the State, and it is the duty of the State to show from the evidence beyond a reasonable doubt to the exclusion of every other reasonable hypothesis every circumstance necessary to show that the defendant is guilty, before the defendant is required to introduce any evidence in his favor or to explain any circumstance surrounding him, and if there is a reasonable doubt of this defendant's guilt, growing out of the evidence then you must acquit the defendant.

This case does not depend upon circumstantial evidence but is based primarily upon the testimony of the service station attendant, the statement or confession of the appellant, and other evidence. The charge, therefore, is not applicable to the facts of this case, as the jury had primarily before it evidence which is not considered by the court to be circumstantial. It is not, therefore, necessary for the court to consider if the charge should be given in a proper case. The trial court was not in error in refusing to give this requested charge. Holloway v. State, 46 Ala.App. 411, 243 So.2d 394, and other cases referred to therein.

 Appellant's requested Charges 2 and 3 were refused. They concern presumption of innocence and the burden of proof. The trial court carefully and adequately instructed the jury on these matters in its oral charge, to which there was no exception. The refusing of Charges 2 and 3 were not reversible error. Tit. 7, § 273, Code of Alabama, 1940, recompiled 1958; Kemp v. State, 278 Ala. 637, 179 So.2d 762.

The Court has carefully reviewed the entire record according to its duty under Tit. 15, § 389, Code, supra, and finds there was no reversible error.

The foregoing opinion was prepared by CLARK E. JOHNSON, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, Tit. 13, Code, supra; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.