## RATLIFF v. STATE. (5 Div. 533.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 13, 1925.)

I. **Indictment and information** ⊸110(31)— Indictment in language of statutes for manufacturing liquor and possessing still sufficient.

Indictment charging manufacture and possession of still and manufacture of prohibited liquors in language of statutes, which create and prescribe constituents of such offenses without reference to anything else, *held* sufficient.

2. **Intoxicating liquors** ⊸233(2)—Testimony as to finding still into which defendant was pouring beer held material to issue.

Testimony as to finding still, which was in operation and into which defendant was pouring beer, *held* material to issue as to operation and possession thereof by defendant.

3. **Criminal law** ⊸1043(2)—Overruling general objection to question not available error, unless evidence elicited is patently illegal or irrelevant.

Overruling general objection to question is not available error, unless evidence elicited is patently illegal or irrelevant.

4. **Intoxicating liquors** ⊸233(2)—Evidence that warm whisky was found at still held competent.

Evidence that warm whisky was found at still *held* competent as tending to show its recent manufacture there, and, in connection with defendant's presence, pouring beer into still, that he manufactured whisky.

5. **Criminal law** ⊸814(17)—Charge on circumstantial evidence held properly refused as abstract on count for possessing still.

Charge on circumstantial evidence *held* properly refused as abstract on count for possessing still, in view of other positive and direct evidence that defendant was operating and exercising control over still.

6. **Intoxicating liquors** ⊸236(19)—Conviction of possessing still held justified by evidence.

Evidence *held* sufficient to justify conviction of possessing still for manufacture of prohibited liquors.

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 450.

**7. Intoxicating liquors ☞239(2)—Charge on attempt to manufacture whisky held properly refused as abstract.**

Charge on attempt to manufacture whisky *held* properly refused as abstract, in view of evidence that warm whisky was found at still and that defendant was engaged in manufacturing whisky.

**8. Criminal law ☞813 — Abstract charges properly refused though stating correct legal propositions.**

Abstract charges are properly refused, though stating correct legal propositions.

**9. Criminal law ☞829(1)—Charge substantially covered by charges given properly refused.**

Charge substantially covered by charge given and court's oral charge is properly refused.

**10. Intoxicating liquors ☞236(19)—Conviction of manufacturing held justified by evidence.**

Evidence *held* sufficient to justify conviction of manufacturing prohibited liquors.

**11. Criminal law ☞1042—Objection that minute entry of judgment does not show that jury properly sworn cannot be first raised on appeal.**

Under Code 1907, § 7274, defendant cannot object for first time on appeal that minute entry of judgment does not show that jury was sworn according to law.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Millard Ratliff was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Ratliff, 212 Ala. 644, 103 So. 914.

These charges were refused to defendant:

"(1) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act on that· decision in matters of highest concern and importance to his own interest, then they must find the defendant not guilty."

"(4) The humane provision of the law is that upon circumstantial evidence there could not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

"(B) The court charges the jury that, if the jury believes from the evidence in this case that the defendant attempted to make whisky, you may find him guilty of such attempt and

assess a fine against him of not less than fifty dollars nor more than five hundred dollars."

Reynolds & Reynolds, of ·Clanton, for appellant.

An indictment, though using the language of the statute, must charge the essential facts constituting the crime. Batre v. State, 18 Ala. 119; Turnipseed v. State, 6 Ala. 664; Worrell v. State, 12 Ala. 732; Williams v. State, 15 Ala. 260. Defendant's requested charges were erroneously refused. (4) Pickens v. State, 115 Ala. 42, 22 So. 551; Hobdy v. State, ante, p. 44, 100 So. 571. (B) Mote v. State, 17 Ala. App. 526, 87 So. 628; McDowell v. State, 19 Ala. App. 532, 98 So. 701. The judgment entry is not sufficient to sustain a conviction. Storey v. State, 71 Ala. 329; Walker v. State, 72 Ala. 218; Johnson v. State, 47 Ala. 9; Allen v. State, 71 Ala. 5; Lacey v. State, 58 Ala. 385.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The appellant was convicted of violating the prohibition laws. The first count of the indictment charged the manufacture of prohibited liquors, and the second count charged the possession of a still to be used for manufacturing prohibited liquors. There was a general verdict of guilty.

[1] The indictment follows the language of the statutes under which each count was drawn, and was not subject to the demurrers interposed. It has been many times decided by the Supreme Court and this court that, where a statute creates a new offense and prescribes its constituents without reference to anything else, an indictment charging the offense in the terms of the act is sufficient. Mason v. State, 42 Ala. 543; Lodano v. State, 25 Ala. 64.

This court has repeatedly held similar indictments to be sufficient. Morris v. State, 18 Ala. App. 456, 93 So. 61; Oliver v. State, 16 Ala. App. 533, 79 So. 313; Holt v. State, 16 Ala. App. 399, 78 So. 315; Eaton v. State, ante, p. 187, 101 So. 471.

The evidence for the state was directed to showing that the sheriff and other officers found the defendant and one Roseberry at a still, which had fire under it and was in operation. There were about five or six gallons of "warm whisky" there. There were five 60-gallon and four 30-gallon barrels. Part of the barrels had slop in them —slop is the refuse after the alcohol is gotten out. The defendant was dipping beer from a barrel and pouring it through a funnel into the still, and put pine on the fire. Upon seeing the officers the defendant ran

and was arrested; his pants had beer slop on them.

The evidence for the defendant tended to show that he made no whisky and that he had no control, possession, or ownership of the still, and nothing to do with its operation; that he ran when the officers commenced shooting.

[2] It was competent for the state to show by the witness Littlejohn that he found a 60-gallon still which was in operation and into which defendant was pouring beer. This was material to the issue of the operation and possession of the still by the defendant.

[3] However, only a general objection was interposed, and where a general objection is interposed to a question the court will not be put in error for overruling the objection, unless the evidence elicited is patently illegal or irrelevant.

[4] It was competent for the state to show that warm whisky was found at the still as tending to show that it had been recently manufactured there and in connection with the presence of the defendant pouring beer into the still, as tending to show that he manufactured the whisky.

Charge 1 refused to defendant was held good in Brown v. State, 108 Ala. 18, 18 So. 811, and in Burton v. State, 107 Ala. 108, 18 So. 284. But in the later cases it has been condemned as being argumentative, and the Brown Case and the Burton Case, supra, were expressly overruled on this point in Amos v. State, 123 Ala. 54, 26 So. 524. The ruling in the Amos Case, supra, has been uniformly followed by the Supreme Court and this court.

[5] Charge 4 refused to defendant was abstract as to count 2, and properly refused. The evidence in the instant case was positive and direct, as well as circumstantial, that the defendant was operating the still and exercising control over it.

[6] Refused charge A was the affirmative charge for the defendant as to count 2, and was properly refused, as there was ample evidence if believed by the jury beyond a reasonable doubt to justify a conviction of the possession of a still.

[7] Charge B was properly refused as abstract. If the jury believed the evidence beyond a reasonable doubt the defendant was guilty of making whisky, and not merely of an attempt to manufacture it. There was evidence that about five gallons of warm whisky was found at the still, and the defendant was engaged in the manufacture of whisky.

[8] Charges D and F state a correct proposition of law, but were abstract.

[9] Charge H is substantially covered by given charge G, and by the oral charge of the court.

[10] Charge I was the affirmative charge for the defendant as to the first count, and was properly refused. There was a conflict in the evidence, but there was ample evidence to justify a conviction.

Charge J was misleading and properly refused.

[11] The judgment entry recited:

"Issue being joined in this cause upon the defendant's plea of not guilty, thereupon comes a jury of good and lawful men, to wit, Joe E. Lett, foreman, and eleven others who upon their oaths say, 'We, the jury, find the defendant guilty as charged in the indictment.'"

It is contended by the appellant that the minute entry does not show that the jury was sworn according to law.

Section 7274 of the Code of 1907 reads as follows:

"No criminal case taken by appeal to the Supreme Court shall be reversed because of any defect in the administration of the oath to any grand or petit jury, unless the record in the cause discloses the fact that some objection was taken in the court below, during the progress of the trial, based on such defect; but this rule shall not apply to cases where it appears affirmatively from the record that the appellant did not have the benefit of counsel on his trial in the court, from which the appeal was taken."

The appellant was represented by counsel. The defect here complained of, if it is a defect, was not called to the attention of the court during the progress of the trial. No objection or exception was taken in the court below.

The appellant cannot raise the objection for the first time on appeal. Garner v. State, 206 Ala. 56, 89 So. 69.

We find no error in the record.

The judgment is affirmed.

Affirmed.