192 So. 423

### HINES v. STATE.
2 Div. 148.

Supreme Court of Alabama.

Dec. 7, 1939.

Christopher & Lindsey, of Butler, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

FOSTER, Justice.

The record in this case shows an order of the court on September 12, 1938, setting the case, which was murder in the first degree, and ordering a special venire, but no arraignment and plea there appear. Another order was made, not dated, for the special venire, in which is recited the personal appearance of defendant and his plea of not guilty.

There is certified what purports to be the verdict of a jury, finding this defendant guilty of murder in the second degree and fixing his punishment at twenty-five years in the penitentiary. This is not dated, nor made a part of a minute entry. There is no judgment reciting that a trial was had on an issue, and that a jury was impaneled and sworn, and returned the verdict so certified. There is a formal judgment sentencing defendant to twenty-five years in the penitentiary.

■ It has long been the rule that the judgment should show that the jury was properly sworn. Fisher v. State, 43 Ala. 17, 21; Johnson v. State, 47 Ala. 9, 31; Stephens v. State, 47 Ala. 696, 707; Gardner v. State, 48 Ala. 263.

Those cases gave rise to what is now section 8609, Code, by which a defect in the oath will not cause a reversal unless objection was taken in the trial court. It was said in Roe v. State, Ala.Sup., 2 So. 459 (not in Alabama reports), that this does not obviate the necessity of the record showing that an oath was administered; but is a waiver of a defect in it. While in Washington v. State, 81 Ala. 35, 1 So. 18, it is said that this Court will presume that the jury was sworn in the absence of a contrary showing.

This Court held in Carmichael v. State, 213 Ala. 264, 104 So. 638, following a line of cases, that a judgment of sentence pursuant to the verdict of a jury is a sufficient implication of a formal judgment of guilt. In that case the original record shows an issue tried by a jury impaneled and sworn according to law, and a verdict on that issue. See Wilson v. State, ante, p. 496, 192 So. 54; Hardeman v. State, 202 Ala. 694, 81 So. 656.

■ There are certain orders of the court required by law (section 8644, Code) to be made in capital cases, but on appeal they need not be shown unless some question is raised before the trial court. Section 3249, Code, and Supreme Court Rule 27, Vol. 4, Code 1923, p. 888; Cherry v. State, 214 Ala. 519, 108 So. 536; Davis v. State, 229 Ala. 674, 159 So. 209.

■ But these provisions do not include the requirement that there was a trial on the issue of not guilty by a jury duly impaneled and sworn, on which they returned the verdict. It would be extending the principle of implication too far to hold that it includes those requirements which are at the base of all valid jury trials.

■ The minutes must show that defendant was present on his trial on an issue of not guilty by a jury duly impaneled and sworn, who returned the verdict on that issue. Such a recital in the bill of exceptions is not sufficient.

This is not shown by the minutes in this case.

■ The judgment of sentence will support an appeal (Hardeman v. State, 202 Ala. 694, 81 So. 656; Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am.St.Rep. 107), but the record does not show enough to support the sentence.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.