272 So.2d 586

**Roger Dale SLATTON**

v.

**STATE.**

**6 Div. 381.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

**378**

Michael S. Sheier, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

L. S. MOORE, Supernumerary Circuit Judge.

The indictment charged the appellant with the offense of robbery. The victim of the robbery was Crestol Shipp, a woman. The trial resulted in a jury verdict finding the appellant guilty of robbery as charged in the indictment and fixed his punishment at 15 years imprisonment in the penitentiary. The trial court entered Judgment in accordance with said verdict. This appeal is from that Judgment.

On the day the case was set for trial, the appellant entered a plea of former jeopardy. Said plea was heard before the trial Judge, without a jury and before the trial on its merits, evidence taken and said plea and said evidence were submitted to the Court for Judgment thereon without objection that it was not submitted to a jury and without any request or demand that it be submitted to a jury.

The evidence in connection with said plea shows that an indictment had been returned by the Grand Jury into the Circuit Court of Jefferson County, Alabama, on July 16, 1971, which is as follows:

"THE STATE OF ALABAMA JEFFERSON COUNTY    CIRCUIT COURT OF TENTH JUDICIAL CIRCUIT July Session 1971

The grand jury of said county charge that, before the finding of this indictment, ROGER DALE SLATTON feloniously took Thirty-Five Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Crestol Shipp, from *his* person and against *his* will by violence to

*his* person, or by putting *him* in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama.

Earl C. Morgan, District Attorney,<br>Tenth Judicial Circuit of Alabama."<br>(Italics added).

The case made by that indictment was designated in said court as Case No. 23507. The trial sheet (or bench notes) of that case introduced into evidence on the issue raised by the plea of former jeopardy contains the following court orders, along with other orders, to-wit:

"8–18–71. Passed to Nov. 29th, 1971 for trial. Jasper, Judge.

Nov. 29, 1971 R.

Nov. 30, 1971. Jury struck but not put under oath and indictment not read to the jury so selected and not sworn and defendant not called on to plead to indictment and he did not do so—case passed to 12–17–71 arraignment docket. Gibson, Judge.

Dec. 17, 1971, passed to 1–31–72 for trial, Jasper, Judge.

Jan. 31, 1972. Def. Co. Jail (#24461–R Reindictment)"

The indictment upon which the appellant was tried was admitted into evidence and is as follows:

"THE STATE OF ALABAMA JEFFERSON COUNTY    CIRCUIT COURT OF TENTH JUDICIAL CIRCUIT December Session 1971

The grand jury of said county charge that, before the finding of this indictment, ROGER DALE SLATTON, whose name is otherwise unknown to the Grand Jury, feloniously took Thirty-Five Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Crestol Shipp, from her person and against her will by violence to her person, against the peace and dignity of the State of Alabama.

Earl C. Morgan, District Attorney,<br>Tenth Judicial Circuit of Alabama."

This later indictment was returned by the Grand Jury on Dec. 10, 1971 and filed by the Circuit Clerk on said date.

A transcript of the proceeding on Nov. 30, 1971, in Case No. 23507 was admitted into evidence on the hearing of said plea. That transcript shows that a Jury venire was brought into the court room and the indictment was read to the jury venire by the court and the jurors on the venire were qualified by the court; that counsel for the State and the Defendant also asked the jurors questions during the qualification of the jurors; that during this procedure the court stated:

"Ladies and gentlemen, it has been called to my attention that the person, Crestol Shipp, has been referred to as 'him' and 'his' in this indictment, and, in truth and fact, is a female person, rather than a male person.

All right, proceed."

After the jurors were qualified and the jury struck and selected, that transcript also shows the following:

"THE COURT: Ladies and gentlemen, I am not going to administer the oath to you as yet in this case.

There is a matter that has come up that I have to settle before we go forward.

That last door on my right, that open door where Mr. Morgan is, is our jury room, so you may retire back there.

There is a matter I have to get settled before we go back.

(Thereupon, the jury left the courtroom at 2:50 p. m., and, out of the presence and hearing of the jury, the following proceedings were had and done:)

THE COURT: For the record, now that the jury is out:

Gentlemen, the defense was informed during the course of selecting a jury that the person named in the indictment is the person from whom the property was taken, that is, Crestol Shipp, who is a woman and not a man, and this indictment alleges, 'from his person and against his will, by violence to his person or by putting him in such fear,' and, of course, I have—I didn't swear the jury.

After the selection of the jury, I was careful not to have the jury sworn and not to have a plea taken to the indictment, because, in that way, jeopardy would attach.

At the moment, I don't know if there is a fatal variance, or not. I feel it would probably be a fatal variance if we proceeded. I put the jury back in the jury room so that we can check into it."

That transcript at this point includes statements by the Judge and counsel for the state and the defendant and concludes with the following:

"THE COURT: What I am going to do is to pass this case over and suggest it go back before the grand jury for proper indictment. I understand the State, before I did that, wanted to offer to amend. Even if you had an agreement to amend, we would have to go right through it over again, and you would have to go through the same thing.

My thought is to let it go over at this point, but if you want to see if there is a possibility for amendment, we will do so.

MR. BATCHELER: Well, we will offer the amendment, to changing 'him' to 'her' and 'his' to 'hers'.

MR. MUNDY: We will not agree to such an amendment.

THE COURT: I am just going to discharge the jury and pass the case, and then you can take it back before the next grand jury and draw a proper indictment, or whatever further proceedings come up next.

So, let's line the jury up at the rail.

(Thereupon, the jury was brought back into the courtroom at 3:37 p. m., at which time, in the presence and hearing of the jury, the following proceedings were had and done:)

THE COURT: Ladies and gentlemen, the Court has gone into this matter. There is involved in this indictment what the Court rules to be—if we went on for trial, would be a fatal variance. I am going to dismiss this jury and let it go over to the next grand jury, so that the proper indictment can be drawn.

So, at this time, you are discharged to go back to the general assembly room on the fifth floor."

The trial court overruled the appellant's plea of former jeopardy.

The appellant complains that the trial court erred in overruling and denying his plea of former jeopardy.

In the case of Lyles v. State, 41 Ala.App. 1, 122 So.2d 724, the rule as to when former jeopardy attaches is stated in this manner:

"Former jeopardy for the same offense begins when the jury has been empaneled and sworn in a court of competent jurisdiction to try the defendant for the offense charged, and a sufficient indictment for the offense is read to the jury and pleaded to by the defendant.

Murray v. State, 210 Ala. 603, 98 So. 871, 872."

The following cases state the rule in substantially the same manner. Artrip v. State, 41 Ala.App. 492, 136 So.2d 574; Morris v. State, 47 Ala.App. 132, 251 So.2d 629.

In the case before us the indictment had not been read to the jury selected—but not sworn—to try the defendant and the defendant had not entered a plea before the jury and the jury was not

charged with the trial of the defendant. An unsworn jury is but a congeries of persons, not an adjunct of the court. Hence, jeopardy had not begun. The plea of former jeopardy was properly overruled.

The appellant also complains that the trial court erred in passing upon said plea without submitting the same to a jury. Under the evidence in this case, if said plea had been submitted to the jury, the general affirmative charge against said plea would have been in order. The results would have been the same.

In Mikell v. State, 242 Ala. 298, 5 So.2d 825, the Court states:

"Ordinarily an issue of former jeopardy, either of acquittal or conviction, should be tried separately and in advance of the issue of 'not guilty'. But to have a reversal of a judgment of conviction, there must not only appear error, but such error as is prejudicial to the substantial rights of the party."

No such error appears in this case. The undisputed evidence reveals that former jeopardy did not exist.

Furthermore, the defendant made no request or demand for a jury trial of the issue raised by said plea and made no objection to the issue being tried by the court without a jury. Therefore, his complaint comes too late when it is first made on this appeal. See Singleton·v. State, 288 Ala. 519, 262 So.2d 768.

The defendant could have waived the entire plea. State v. Nelson, 7 Ala. 610. There is no sound reason which says he could not waive a jury in the trial of the issue made by said plea. He did waive a jury for the trial of the issue made by the plea by submitting the same to the trial judge for judgment thereon without a jury and without request or demand for a jury and without objection to such procedure. *Singleton*, supra.

We have searched the record and find no error therein.

The foregoing opinion was prepared by Hon. L. S. MOORE, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

It is ordered and adjudged by the Court that this case be and is affirmed.

Affirmed.

All the Judges concur.