329 So.2d 649

**James Henry WILSON**

v.

**STATE.**

**7 Div. 445.**

Court of Criminal Appeals of Alabama.

March 30, 1976.

Jerry B. Oglesby, Anniston, for appellant.

William J. Baxley, Atty. Gen., and G. Daniel Evans, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Robbery: sentence, ten years—the lowest permissible term under Code 1940, T. 14, § 415.[1]

### I

Wilson kidnaped a young lady at pistol point and took all her money, one dollar. His defense was alibi. The jury gave it no credit.

### II

■ The judgment entry fails to state expressly that the jury were sworn. It does, however, state the verdict as being given by the jurors "upon their oaths * * *."

Therefore, even though *Ratliff v. State*, 20 Ala.App. 454, 103 So. 912, seemingly accorded no significance to "upon their oaths

* * *," the absence here of any ground in appellant's motion for new trial distinguishes this record from that in *Fowler v. State*, 261 Ala. 262, 74 So.2d 512.

We expressly hold that "upon their oaths * * *" is sufficient to show that the jury were sworn. In *Vaughn v. State*, 236 Ala. 442, 183 So. 428 "sworn according to law" sufficed. See also, *Whitehurst v. State*, 51 Ala.App. 613, 288 So.2d 152; Code 1940, T. 30, § 59. We appreciate that a silent record cannot create a presumption which would serve to fill the hiatus of an unsworn jury, i. e., a non-jury. *Slatton v. State*, 49 Ala.App. 377, 272 So.2d 586 · *Melton v. State*, 45 Ala. 56.[2]

The transcript of evidence recites that the jury was sworn. Under *Hines v. State*, 238 Ala. 575, 192 So. 423, we cannot supply omissions in the minute entry by reference of the transcript of evidence. But see *Fowler*, supra. We consider that the jury was sworn.

### III

■ Appellant filed a motion for new trial—the sole ground for which was newly discovered evidence to the effect that during the critical time of the charged robbery he was in the company of his then fiancee.

We consider that the trial judge did not abuse his discretion. See *Zuck v. State*, 57 Ala.App. 15, 325 So.2d 531.

The judgment is

AFFIRMED.

All the Judges concur.

---

1. "Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."

2. "* * * The verdict in this case ought not to have been rendered, if two of the jurors were not sworn. In fact, it was not the verdict of a jury. * * *"—*Melton*, supra.