The appellant, Ronald Porter, was convicted of manslaughter and was sentenced as a habitual offender to 15 years in the state penitentiary. Four issues are raised on appeal.
The evidence presented by the State tended to show that on July 31, 1986, the appellant, his sister Carolyn Bray, and her boyfriend Timothy Hannon were at their house on Dan Churchman Road in Axis in Mobile County. While they were sitting on the front porch drinking wine, appellant and his sister got into an argument. Appellant's sister got up and went inside to the kitchen. Appellant followed his sister into the kitchen and the argument started anew. Timothy Hannon came in and tried *Page 236 
unsuccessfully to stop the argument. First the appellant, then his sister, got a knife out of a kitchen drawer. Still armed with the knife, Ms. Bray left the kitchen. Appellant followed her into the living room and "jumped on" her. Mr. Hannon, who was unarmed and had never threatened appellant in any way, entered the living room and tried to pull the appellant off of Ms. Bray. When Mr. Hannon attempted to do this, the appellant turned around and stabbed him in the heart. Appellant then got up and left the house. Mr. Hannon died a few moments later in the arms of a neighbor who had responded to screams coming from the house. Shortly thereafter, the police arrived.
 I
Appellant's first assignment of error is that the prosecution failed to establish that the correct venue for this prosecution was Mobile County, Alabama. The following occurred:
 "Q: Okay. Where this happened, was that your house on Dan Churchman Road?
"A: Yes, sir.
"Q: That's in Mobile County, is it not?
"A: Uh-huh.
 "(STATE'S EXHIBIT NUMBER ONE WAS MARKED FOR IDENTIFICATION)
"MR. LADNER:
"Q: Okay. Carolyn, let me ask you to look. . . ."
Specifically, he contends that a witness's response of "uh-huh" to the question "That's in Mobile County, is it not?" was not a positive response and that the prosecution failed to establish that Mobile County was located in Alabama.
As we stated in Agee v. State, 465 So.2d 1196, 1204
(Ala.Cr.App. 1984):
 "Where the State offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question of venue then becomes one for the jury to decide. Willcutt v. State, 284 Ala. 547, 226 So.2d 328
(1969); Grace v. State, 369 So.2d 318
(Ala.Crim.App. 1979); Gipson v. State, 375 So.2d 504
(Ala.Crim.App. 1978). The jury has the option of believing or not believing a witness who testifies as to venue."
Thus, just as in Agee, the jury believed the witness when she testified as to venue.
We are familiar with colloquialisms and recognize their universal usage. The Random House Dictionary of the English Language (2d ed. 1987) gives the following definitions:
 "uh-huh . . . interj. (used to indicate agreement confirmation, attentiveness, or general satisfaction)."
 "uh-uh . . . interj. (used to indicate disagreement, disapproval, or dissatisfaction)."
We recognize that "uh-huh" means "yes." By way of dicta, we recognize that "uh-uh" means "no." Thus, the witness affirmatively testified that Dan Churchman Road is in Mobile County. No error occurred.
As to appellant's claim that the prosecution did not prove that Mobile County is in the State of Alabama, this court takes judicial notice of matters known to the general public.Cowart v. State, 488 So.2d 497, 503 (Ala.Cr.App. 1985). Therefore, the appellant's contention that the prosecution failed to prove venue is without merit.
 II
Appellant next contends that the trial court failed to swear in the jurors. Our examination of the record on appeal reveals that the court's administration of the oath of the jurors was not included in the record. However, the trial transcript states that "[a] jury was impaneled and sworn." The court's minute entry further states that the jurors "upon their oaths" returned a verdict against the appellant. Moreover, no objection was made by appellant at trial concerning this issue.
We have previously addressed this issue in Tarver v. State,500 So.2d 1232, 1242 (Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala. 1986), wherein we held:
 "Although we are unable to find an Alabama case which deals with the administration of an oath to prospective *Page 237 
jurors before voir dire examination, there are numerous cases concerning the administration of the oath to petit juries as required by § 12-16-170, Code of Alabama 1975. These cases indicate that a presumption cannot be made from a silent record that the jury was sworn. Whitehurst v. State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160 (1973). There must be some affirmative showing in the record that the oath to the jury was administered. Gardner v. State, 48 Ala. 263 (1872); Lacey v. State, 58 Ala. 385
(1877). A minute entry is deemed to be a sufficient showing that the oath was administered. Whitehurst, supra; Murphy v. State, 403 So.2d 314
(Ala.Crim.App.), cert. denied, 403 So.2d 316
(1981)."
Furthermore, statements in the record such as "upon their oaths" are sufficient to show that a jury was sworn. Wilson v.State, 57 Ala.Cr.App. 591, 329 So.2d 649 (1976).
 "Thus, the record before us is not silent as to whether an oath was administered to the prospective jurors before their voir dire examination. The record affirmatively shows that an oath was given even though this oath is not set out in the record. Furthermore, the fact that defense counsel made no objection indicates to this court that such an oath was properly administered to the prospective jurors."
A failure to object is at least some evidence that nothing objectionable occurred. We hold that no error occurred with respect to administering the oath to the venire or to the jury.
 III
Appellant also contends that the trial court erred in its oral charge to the jury. Specifically, he contends that the trial court failed to instruct the jury that self-defense was a defense to manslaughter and that the trial court erred in not giving his requested jury charge regarding retreat.
On review of the trial court's instructions to the jury, the court's charge must be taken as a whole, and the portions challenged are not to be isolated therefrom or taken out of context, but rather considered together. Jackson v. State,412 So.2d 302, 308 (Ala.Cr.App. 1982). Our review of the trial court's oral charge shows that on two separate occasions the trial court instructed the jury that self-defense was a defense to any killing, be it murder, manslaughter, or criminally negligent homicide. Therefore, appellant's contention that the trial court did not make it clear that self-defense was a defense to manslaughter is factually erroneous.
As to the trial court's alleged error in failing to give appellant's requested instruction on retreat, this court has made it clear that a trial court correctly refuses written requested charges that are covered by the oral charge of the court or by other given written charges, or are inapplicable or abstract under the evidence presented at trial, or are incorrect statements of applicable law. McDaniel v. State,446 So.2d 670, 674 (Ala.Cr.App. 1983). Appellant's requested instruction was covered in the portion of the trial court's oral charge concerning retreat. Thus, it was not error for the trial court to refuse appellant's written requested charge to the same effect.
 IV
Appellant's final assignment of error is that the trial court imposed a sentence excessive under the law. The record shows that, prior to sentencing, the State made it known that the appellant was a convicted felon, and consequently subject to the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. A certified copy of a federal conviction of assault during a bank robbery, in violation of 18 U.S.C. § 2113(d), was produced.
A conviction in federal court for an offense that would be a felony if committed in Alabama is considered a felony conviction for purposes of enhancing punishment under our Habitual Felony Offender Act. Esters v. State, 480 So.2d 615,617 (Ala.Cr.App. 1985). The Alabama offense of first-degree assault, set out in § 13A-6-20(a)(4), Code of Alabama 1975, is stated as follows: *Page 238 
 "A person commits the crime of assault in the first degree if:
 "(4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, or of immediate flight therefrom, he causes a serious physical injury to another person."
Assault in the first degree constitutes a Class B felony. §13A-6-20(b), Code of Alabama 1975. Thus, it appears that appellant was correctly sentenced under the Habitual Felony Offender Act.
However, at appellant's sentencing hearing, his attorney contended that appellant may have been sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), et seq.
(repealed by Pub.L. 98-473, 1984), for his federal conviction and thus, this conviction could not be used for purposes of sentence enhancement. This issue has been recently addressed in the case of Milam v. State, [Ms. 3 Div. 745, October 27, 1987] (Ala.Cr.App. 1987), wherein we held that a conviction in which the defendant was sentenced under the Federal Youth Corrections Act could not be used to invoke this State's Habitual Felony Offender Act if that conviction had been set aside or expunged in accordance with other provisions of that Act. We distinguishMilam, in that here, the certified copy of appellant's federal conviction makes no mention of appellant's being sentenced pursuant to the Youth Corrections Act. The record does not support appellant's allegation that he was sentenced under the Youth Corrections Act. The record in fact indicates that appellant was not eligible for treatment under the Federal Youth Corrections Act. The judgment entry gives appellant's birthdate as "4/15/57." At the time of the federal conviction, May 23, 1980, appellant was 24 years of age. The Federal Youth Corrections Act applied to persons under the age of 22 as defined by 18 U.S.C. § 5006(d) and (g), Definitions:
 "(d) 'youth offender' means a person under the age of twenty-two years at the time of conviction;
 "(g) 'conviction' means the judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere." (emphasis supplied)
Appellant was sentenced under the provisions of 18 U.S.C. § 2113(d) as stated in his conviction. This conviction was correctly considered a felony under the provisions of the Habitual Felony Offender Act, § 13A-5-9.
Manslaughter is a Class C felony. § 13A-6-3, Code of Alabama 1975. Because of appellant's prior conviction, however, under §13A-5-9, he was due to be punished for a Class B felony. The penalty that may be imposed for a Class B felony where a deadly weapon is used is 10 to 20 years. § 13A-5-6, Code of Alabama 1975; Smith v. State, 447 So.2d 1327, 1334 (Ala.Cr.App. 1983),aff'd, 447 So.2d 1334 (Ala. 1984). "It is not within the province of the Court of Criminal Appeals to review sentences which are within statutorily prescribed limits, as was the sentence in this case." Lyle v. State, 497 So.2d 834, 836
(Ala.Cr.App. 1986).
Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.