Michael Robert Hill was convicted of burglary in the first degree and of intimidating a witness in CC-90-120. He was also convicted of two counts of the unlawful sale of cocaine in CC-90-97. The record on this appeal from those convictions does not indicate that the jury was placed under oath.
On the appeal of a criminal conviction resulting from a trial by jury, the record must show that the jury was sworn as required by law. Hines v. State, 238 Ala. 575, 576,192 So. 423, 424 (1939). See cases cited in the annotations following Ala. Code 1975, § 12-16-170 and § 12-16-173.
 "The administration of the oath to a petit jury is a statutory requirement under § 12-16-170, Code of Alabama 1975. Numerous Alabama cases indicate that a presumption that the jury was sworn cannot be made from a silent record. See e.g., Porter v. State, 520 So.2d 235, 237 (Ala.Cr.App. 1987); Wilson v. State, 57 Ala. App. 591, 329 So.2d 649, 649 (1976); Whitehurst v. State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160 (1973). 'There must be some affirmative showing in the record that the oath to the jury was administered.' Porter v. State, 520 So.2d at 237
(citing Gardner v. State, 48 Ala. 263 (1872)). An unsworn jury is a non-jury. Wilson v. State, 329 So.2d at 649."
Marks v. State, 575 So.2d 611, 613 (Ala.Cr.App. 1990).
On authority of Rule 10(f), A.R.App.P., and Marks,575 So.2d at 613, it is hereby ordered that this cause be remanded to the trial court with instructions that the trial court conduct an evidentiary hearing and determine whether or not the jury was placed under oath as required by Ala. Code 1975, § 12-16-170, in the appellant's Dale County criminal cases CC-90-97 and CC-90-120. In the event that the trial court determines that the jury was administered the oath, the trial court shall make a written *Page 1166 
finding of fact which shall be forwarded, along with a transcript of the hearing, to this court within 42 days from the date of this opinion. However, if the trial court determines that the jury was not administered the oath, or if the trial court cannot determine whether or not the oath was administered, the trial court is directed to set aside and to void the above convictions and to award the appellant a new trial or other relief not inconsistent with this opinion. The order of the trial court voiding the convictions and granting relief shall be forwarded to this court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
 *Page 1