ON RETURN TO REMAND
BOWEN, Judge.
I.
In response to the directions of this Court, 582 So.2d 1165, on remand of this case, both the trial court and the court reporter have submitted documents affirmatively showing that the jury was placed under oath as required by Ala. Code 1975, § 12-16-170. Therefore, this issue raised by the appellant is clearly without factual merit.
II.
The other issue raised by the appellant is that there was a break in the chain of custody of the cocaine.
At approximately 3:30 on the afternoon of January 23, 1990, Fort Rucker military police patrolman Sergeant Jimmy Smith, working undercover, purchased two pieces of crack cocaine from the appellant, who was accompanied by Greg Lawson. Sergeant Smith placed the cocaine into a gold- or yellow-colored “field envelope,” which he sealed, initialed, and dated. That field envelope was placed inside a larger brown envelope which was “heat-sealed.” Later that same day, the officer purchased three pieces of crack cocaine from Greg Lawson. That cocaine was also placed inside a “field envelope,” which was then placed inside another envelope.
The testimony at trial tends to indicate that Sergeant Smith placed each field envelope inside a larger brown envelope at his office at Fort Rucker. He then placed the envelopes in the evidence vault. Sergeant Smith testified that he “thought” his office delivered the envelopes to Detective Whittington.
Dale County Sheriffs Deputy Butch Jones testified that he received both sealed envelopes from the Fort Rucker Crime Unit on the day after the purchase. There is no evidence of who retrieved the envelopes from the evidence locker and delivered them to Deputy Jones. Jones then mistakenly wrote Lawson’s name on the envelope that contained the field envelope containing the cocaine purchased from the appellant. Jones placed the appellant’s name on the envelope that contained the field envelope containing the cocaine purchased from Lawson.
Ozark police narcotics investigator Butch Whittington testified that he received both envelopes from Deputy Jones and delivered them to the lab. The appellant acknowledges that “[ajfter the evidence left Butch Jones’ possession, there is a relatively close chain of custody....” Appellant’s brief at 11.
There was no indication that any of the envelopes had been tampered with, and each person who testified properly identified the envelope and testified to the integrity of its contents.
There are two problems with the chain of custody in this case. First, there is a break in the chain between Sergeant Smith, who purchased the cocaine from the appellant and placed it in an envelope which he placed in the evidence locker at Fort Ruck-er, and Deputy Jones, who obtained the sealed envelope from the Fort Rucker Crime Unit. Second, there is the problem of the mislabeling.
Upon a consideration of all the legal principles we set out in Snowden v. State, 574 So.2d 960, 962-66 (Ala.Cr.App.1990), we apply the rule that “when each witness who does testify accounts for the integrity of the evidence and there is no contention that the evidence was contaminated or altered in any way, there is no error in the admission of the evidence even though one link in the chain does not testify.” Snowden, 574 So.2d at 964. Under the circumstances of this case, the chain of custody was established to a reasonable probability that there had been no tampering with the evidence. Ex parte Williams, 548 So.2d 518, 520 (Ala.1989). The break was only a minor break, which went to the *295 weight and not the admissibility of the evidence. Snowden, 574 So.2d at 966. The misidentification of the envelopes was not a “break” in the chain of custody because, with the exception of the first problem just mentioned, each link was accounted for in the custody of the misidentified envelopes.
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.