On Return to Remand

McMillan, judge.
On June 18,1993, this court remanded this cause to the trial court to determine whether the appellant’s counsel was ineffective for failing to request a mistrial on the basis that the jury had not been properly sworn. 630 So.2d 481. This court noted that the record was silent as to whether the jury had been sworn as required by § 12-16-170, Code of Alabama 1975. On return to remand, the trial court conducted a hearing on this issue. At the hearing, the clerk for Fayette Circuit Court testified that during his 16 years as circuit clerk he had on three occasions administered the oath contained in § 12-16-170 and that this trial had been the first time that he had administered this oath. He produced a copy of the oath he administered, as well as a special oath required to be administered to a bailiff in a capital case, and he testified that he remembered giving both of these oaths during the appellant’s trial. Thereafter, the trial court found that the oath had been administered by the clerk as required and that, therefore, the appellant’s counsel could not be held to have been ineffective for failing to object on this ground. Thus, the trial court found this allegation by the appellant to be without merit.
Based on the trial court’s finding that the jury had, in fact, been properly sworn in this case, its conclusion that the appellant did not receive ineffective assistance as a result of *481 defense counsel’s failure to object on this ground was proper. Therefore, the judgment is due to be affirmed.
AFFIRMED.
All Judges concur.