[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 784 
The appellant, Charles Dyson, appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In the petition, he attacked his 1995 convictions for attempted murder, first-degree rape, first-degree sodomy, first-degree sexual abuse, first-degree burglary, first-degree theft of property, second-degree kidnapping, and aggravated stalking. The appellant was sentenced as a habitual felony offender to five consecutive sentences of life imprisonment without the possibility of parole, and three consecutive sentences of life imprisonment. This Court affirmed the appellant's convictions by unpublished memorandum. Dyson v. State, 698 So.2d 799
(Ala. Cr.App. 1996) (table). The certificate of judgment was issued on October 29, 1996.
The appellant filed the Rule 32 petition that is the subject of this appeal in April 1997. In the petition, the appellant alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he claimed, the jury that convicted him was never placed under oath.[1] The appellant attached several pages from the trial transcript in support of his claim that the jury was never sworn. The first excerpt from the transcript reveals that following jury selection, the prosecution requested — because of double jeopardy concerns — that the oath not be administered to the jury until after the suppression hearing. The trial court apparently consented, because the record discloses that the trial court dismissed the jury without administering the oath, and the suppression hearing began. The second excerpt shows that, at the conclusion of the suppression hearing, the trial court denied the appellant's motion to suppress and the court recessed for lunch. When the court reconvened, the parties presented their opening arguments, and the trial began. The excerpt from the transcript contains no indication that the jury was sworn following the suppression hearing and before opening arguments. The final excerpt from the record reflects that following closing arguments, the trial court charged the jury. There is no evidence that the jury was sworn prior to being charged.[2]
The state filed a motion to dismiss the petition, averring that the appellant's claim that the trial court lacked jurisdiction to render the judgment or to impose the sentence was not pleaded with sufficient specificity. The circuit court granted the state's motion to summarily dismiss the petition.
The appellant maintains that the circuit court erred in summarily dismissing his petition. We agree.
Rule 32.6(b), Ala.R.Crim.P., states, "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." We cannot agree *Page 785 
with the trial court's finding that the appellant's allegation was not sufficiently pleaded. The appellant alleged that the oath was never administered to the petit jury — a simple, straightforward allegation — and he attached excerpts from the record that adequately set forth the factual basis for his claim. Accordingly, we find that this claim was sufficiently pleaded.
A criminal defendant has a fundamental right to a trial by jury. See Rule 18.1(a), Ala.R.Crim.P., and the committee comments to the rule. The failure to administer the oath to the jury renders the jury's verdict a nullity. See Foshee v.State, 672 So.2d 1387 (Ala.Cr.App. 1995). As noted, the state's response did not refute the appellant's contention that the jury was not sworn. Moreover, the record on direct appeal from the appellant's convictions does not affirmatively indicate that the petit jury was placed under oath.[3] This Court cannot presume that the jury was sworn; the record must affirmatively reflect that the jury was sworn.
 "The administration of the oath to a petit jury is a statutory requirement under § 12-16-170, Code of Alabama 1975. Numerous Alabama cases indicate that a presumption that the jury was sworn cannot be made from a silent record. See e.g., Porter v. State, 520 So.2d 235, 237 (Ala.Cr. App. 1987); Wilson v. State, 57 Ala.App. 591, 329 So.2d 649, 649 (1976); Whitehurst v. State, 51 Ala.App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160 (1973). `There must be some affirmative showing in the record that the oath to the jury was administered.' Porter v. State, 520 So.2d at 237 (citing Gardner v. State, 48 Ala. 263 (1872)). An unsworn jury is a non-jury. Wilson v. State, 329 So.2d at 649."
Marks v. State, 575 So.2d 611, 613 (Ala.Cr. App. 1990).
The appellant's claim that the jury was never sworn is meritorious on its face; if the claim proves to be true, the appellant is entitled to relief. Ex parte Boatwright,471 So.2d 1257 (Ala. 1985). The state did not refute the merits of the appellant's allegation, but rather asserted that the appellant's claim was not pleaded with the requisite specificity. As discussed above, the claim was sufficiently pleaded. Accordingly, the appellant was entitled to an opportunity to prove his allegation.
Thus, we must remand this cause to the circuit court with instructions that it conduct an evidentiary hearing, or take evidence in accordance with Rule 32.9, Ala.R.Crim.P., to determine whether the jury was placed under oath as required by § 12-16-170, Code of Alabama 1975. In determining whether the oath was administered, the trial court is authorized to take sworn testimony from the clerk, trial counsel, the jurors, the court reporter, or whomever else the court deems necessary in order to resolve the matter. See Hellums v. State,630 So.2d 480 (Ala.Cr. App.) cert. denied, 630 So.2d 481
(Ala. 1993) (testimony from the circuit clerk established that the clerk administered the oath to the jurors required by § 12-16-170, Code of Alabama 1975). See also, Deramus v.State, 721 So.2d 239 (Ala.Cr.App. 1997) (the affidavit from the circuit clerk indicated that the oath administered by the clerk to the jury venire encompassed the language of § 12-16-170, Code of Alabama 1975, as well as the language of the initial qualification oath required by Rule 12.1(c)(2), Ala.R.Crim.P; thus, the failure of the record to affirmatively reflect that the petit jury was resworn or that the trial court reminded the petit jury that they were still under oath was harmless *Page 786 
as "the jurors who were eventually selected to try the case did, in fact, swear to the substance of the oath contained in § 12-16-170, Ala. Code 1975").
In the event the circuit court determines that the oath was administered to the jury, it shall make a written finding of fact, which shall be forwarded, along with a transcript of the hearing and any other evidence submitted, to this Court within 48 days from the date of this opinion. If, however, the trial court determines that the oath was not administered to the jury, or if the trial court is unable to determine whether the oath was administered, the trial court is directed to grant the Rule 32 petition and grant the appellant a new trial or other relief consistent with this opinion. Any order voiding the convictions and granting relief shall be forwarded to this Court within 48 days from the date of this opinion.
The failure to administer the oath to the jury has serious consequences to the defendant, the victims, and the taxpayers. Accordingly, we encourage both trial courts and counsel to take measures to ensure that the oath required by § 12-16-170 is administered to the jury, and that evidence of the administration of the oath is contained in the record.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] Section 12-16-170, Code of Alabama 1975, provides, in relevant part:
 "The following oath shall be administered by the clerk, in the presence of the court, to each of the petit jurors: `You do solemnly swear (or affirm, as the case may be) that you will well and truly try all issues which may be submitted to you during the present session (or week, as the case may be), and true verdicts render according to the evidence — so help you God.'. . . . "
Rule 18.5(a), Ala.R.Crim.P., provides:
 "The court shall either remind the jurors that they are still under oath [see Rule 12.1(c)(2), Ala.R.Crim.P., for the oath that is to be administered to the jury venire, which also encompasses the substance of the oath to be administered to the petit jury], or may give the jurors the following oath:
 "`You do solemnly swear, or affirm, that you will well and truly try all issues joined between the defendant(s) and the State of Alabama and render a true verdict thereon according to the law and evidence, so help you God.'"
The Committee Comments to Rule 18.5 indicate that the above-cited section conforms to the oath required by § 12-16-170, Code of Alabama 1975.
[2] The appellant raised additional allegations in his Rule 32 petition. Specifically, he alleged that the trial court's imposition of consecutive life sentences for his burglary and theft convictions violated the prohibition against double jeopardy because, he asserted, both convictions arose from the same transaction. In addition, the appellant made numerous allegations of ineffective assistance of trial and appellate counsel. These claims will not be addressed at this time.
[3] This Court has carefully reviewed both the trial transcript and the clerk's record, including the minute entries on the case action summary sheets and the jury verdict forms, and there is no indication that the jury was sworn. SeeTarver v. State, 500 So.2d 1232, 1242
(Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala. 1986), cert. denied,482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987) ("[a] minute entry is deemed to be a sufficient showing that the oath was administered"); Porter v. State, 520 So.2d 235,237 (Ala.Cr.App. 1987) ("statements in the record such as `upon their oaths' are sufficient to show that a jury was sworn");McGruder v. State, 560 So.2d 1137, 1142
(Ala.Cr.App. 1989) ("[a]lthough the trial transcript does not indicate that the jury was sworn after the selection process, both the judgment entry and the case action summary state that the jury was `duly empaneled, sworn and charged by the Court according to law'"). (Emphasis in original.)
 On Return to Remand