WELCH, Judge.
 

 Armond Joseph Jackson appeals from the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. Jackson stated in his petition that in 1983 he pleaded guilty to capital murder and was sentenced to life imprisonment without the possibility of parole. He further stated in his petition that this Court affirmed his conviction and sentence on direct appeal on April 24, 1984. See
 
 Jackson v. State,
 
 452 So.2d 895 (Ala.Crim.App.1984).
 

 Jackson filed the present Rule 32 petition on September 1, 2006. In his petition, Jackson alleged: (1) that the indictment failed to show the concurrence of at least 12 grand jurors; (2) that the petit jurors were not sworn; (3) that the venire was not sworn; (4) that he was denied his right to be present at a critical stage of the trial (initial voir dire); and (5) that the trial court failed to define reasonable doubt to the jury in its jury instructions. Without requiring a response from the State, the circuit court issued an order summarily denying Jackson’s petition on the basis that Jackson’s challenge to the indictment was a nonjurisdictional claim that was barred by the limitations period in Rule 32.2(c), Ala.R.Crim.P., and that the remaining claims were nonjurisdictional claims that had been raised and addressed in Jackson’s prior petition and thus were barred by the prohibition against successive petitions in Rule 32.2(b), Ala. R.Crim.P.
 

 I.
 

 With regard to claim (1), as set out above, we note simply that the exhibits Jackson attached to his Rule 32 petition clearly establish that the foreperson of the grand jury signed the indictment against Jackson. It is well settled that the signature of the grand jury foreman signifies the concurrence of 12 or more grand jurors. See, e.g.,
 
 Birdsong v. State,
 
 929 So.2d 1027 (Ala.Crim.App.2005). Therefore, summary denial of his petition as to this claim was proper.
 

 II.
 

 With regard to claims (4) and (5), as set out above, summary denial was also proper. As presented in the petition, these claims do not allege jurisdictional transgressions. See
 
 Boyd v. State,
 
 913 So.2d 1113 (Ala.Crim.App.2003) (a challenge to a trial court’s jury instructions on reasonable doubt is subject to the procedural bars in Rule 32.2); Rule 9.1(b), Ala. R.Crim. P. (right to be present is waivable);
 
 Robitaille v. State,
 
 971 So.2d 43 (Ala.Crim.App.2005) (personal jurisdiction may be waived);
 
 D.W.L. v. State,
 
 821 So.2d 246 (Ala.Crim.App.2001) (absence from jury selection concerns personal jurisdiction and is therefore waivable; it does not impinge on the jurisdiction of the trial court over the subject matter of the ease).
 
 *722
 
 Claims that can be waived are not jurisdictional and therefore are subject to the procedural bars in Rule 32.2, Ala.R.Crim.P. See, e.g.,
 
 Strickland v. State,
 
 771 So.2d 1123, 1125 (Ala.Crim.App.1999). Accordingly, as the circuit court found, they are subject to the prohibition against successive petitions as provided in Rule 32.2(b), Ala.R.Crim.P. Therefore, summary denial of these claims was proper.
 

 III.
 

 Finally, with regard to claims (2) and (3), as set out above, i.e., that the petit jurors were not sworn and that the venire was not sworn, the circuit court found these claims to be successive. The State contends that this finding is correct, averring that these claims, as well as claims (4) and (5), are “verbatim copies of the arguments contained in his previous Rule 32 petition.” (State’s brief at p. 6.)
 

 In
 
 Brooks v. State,
 
 845 So.2d 849 (Ala.Crim.App.2002), this Court stated:
 

 “It is well settled that ‘[t]he failure to administer the oath to the jury renders the jury’s verdict a nullity,’
 
 Dyson v. State,
 
 722 So.2d 782, 785 (Ala.Crim.App.1997), and that ‘if the jury or any member thereof was not sworn, it was not the verdict of a jury.’
 
 Fowler v. State,
 
 261 Ala. 262, 263, 74 So.2d 512, 513 (1954). See also
 
 Hines v. State,
 
 238 Ala. 575, 192 So. 423 (1939);
 
 Melton v. State,
 
 45 Ala. 56 (1871); and
 
 Hill v. State,
 
 582 So.2d 1165 (Ala.Crim.App.1991). However, in
 
 Ex parte Deramus,
 
 721 So.2d 242 (Ala.1998), the Alabama Supreme Court recognized that there is a difference in a situation in which no oath is given to jurors at all arid a situation in which there is merely a defect in the oath. In
 
 Deramus,
 
 the jury venire was administered an oath before voir dire examination, but the petit jury was not administered an additional oath after it was empaneled. The Alabama Supreme Court characterized this as a defective-oath situation, not a no-oath-at-all situation, and recognized that ‘ “any defect in the administration of the oath”’ is reversible error only if ‘ “some objection was taken ... during the progress of the trial, based on [that] defect,” ’ 721 So.2d at 244, quoting § 12-16-173, Ala. Code 1975. Because the appellant had not objected to the defect during trial, the Court held that the appellant’s claim that his conviction was void because the petit jury had not been sworn had been waived. Similarly, this Court has held that claims that the venire was not sworn before voir dire examination are waivable, thus implicitly recognizing that such situations are also defective-oath situations and not no-oath-at-all situations. See, e.g.,
 
 Fortner v. State,
 
 825 So.2d 876 (Ala.Crim.App.2001);
 
 Bryant v. State,
 
 739 So.2d 1138 (Ala.Crim.App.1998); and
 
 Sumlin v. State,
 
 710 So.2d 941 (Ala.Crim.App.1998). Because only nonjurisdictional issues can be waived, see, e.g.,
 
 Mitchell v. State,
 
 777 So.2d 312 (Ala.Crim.App.2000), it is clear that any claim based on a defect in an oath is nonjurisdictional and, therefore, is subject to the procedural bars in Rule 32.2. On the other hand, a claim that no oath was administered at all — i.e., the jury venire
 
 and
 
 the petit jury were not sworn — would be a jurisdictional issue because, as noted above, a verdict rendered by jurors who have
 
 never
 
 been sworn is a nullity.”
 

 Brooks v. State,
 
 845 So.2d at 850-51 (footnotes omitted).
 

 In the present petition, claim (2) (that the petit jury was unsworn) and (3) (that the jury venire was unsworn), together present a jurisdictional question, i.e., that no oath was administered at all.
 

 
 *723
 
 In the previous petition, on which the circuit court relied to find the present claims successive, Jackson argued only that the venire was unsworn. (Supp. C.R. 9-10.) See also this Court’s no-opinion affirmance of the denial of that petition.
 
 Jackson v. State
 
 (No. CR-02-0866, August 22, 2003), 886 So.2d 183 (Ala.Crim.App.2003) (table) (holding that Jackson’s claim was not jurisdictional because he argued only that the venire was not sworn). The Alabama Supreme Court recently held that, “[although our eases have previously stated that jurisdictional claims cannot be precluded as ‘successive,’ that exception to Rule 32.2(b) applies only to jurisdictional claims
 
 not previously raised and adjudicated on the merits.” Ex parte Trawick,
 
 972 So.2d 782, 784 (Ala.2007). Because the jurisdictional transgression alleged in the present petition was not raised in the prior Rule 32 petition, the prohibition against successive petitions contained in Rule 32.2(b) is not applicable. Thus, the State’s assertions on appeal are not well taken, and the circuit court erred in summarily denying Jackson’s claim in the present petition on that procedural ground.
 

 As is noted above, the circuit court summarily denied Jackson’s petition without requiring a response from the State; the sole basis for the denial of those claims was that the claims were successive. Here, Jackson’s claims (2) and (3) are not refuted by the record before this Court. Therefore, we must remand this case for further proceedings. On remand the circuit court may require the State to respond specifically to Jackson’s claims (2) and (3) from his petition. The circuit court may, at its discretion if it determines it appropriate or necessary, conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim.P. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing. The circuit court shall take all necessary action to see that the clerk of the circuit court makes due return to this court at the earliest possible time and within 63 days of the release of this opinion.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result.
 

 *
 

 Note from the reporter of decisions: On March 28, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.